**Ricky Lee GREEN, Petitioner,**

v.

**Wayne SCOTT, Director, Texas Department of Criminal Justice, Institutional Division, Respondent.**

**No. 4:94–CV–632–A.**

United States District Court,
N.D. Texas,
Fort Worth Division.

Sept. 22, 1994.

John Jacks, Atty. Gen. of Texas, Enforcement Div., Austin, TX, Lynn Lamberty, Anthony S. Haughton, Law Office of Anthony Haughton, Houston, TX, Robert Ford, Law Office of Robert Ford, Fort Worth, TX, for petitioner.

Ricky Lee Green, pro se.

Margaret Portman Griffey, Office of the Atty. Gen., John Jacks, Atty. Gen. of Texas, Enforcement Div., Austin, TX, for respondent.

## MEMORANDUM OPINION and ORDER

McBRYDE, District Judge.

The court has received and considered the *pro se* motion of petitioner, Ricky Lee Green, ("Green") for appointment of counsel and for stay of execution, the response of respondent, Wayne Scott, Director, Texas Department of Criminal Justice, Institutional Division, ("respondent") to such motion, and Green's motion for leave to proceed *in forma pauperis*. The court heard from the parties in reference to such motions by telephone conference held September 20, 1994, in which the court, Green, Robert Ford ("Ford"), former counsel for Green, Lynn B. Lamberty ("Lamberty"), an attorney with the Texas Resource Center ("Center"), and John Jacks, as counsel for respondent, participated, and another telephone conference held September 21, 1994, in which those same parties, Anthony Haughton ("Haughton"), an attorney formerly with Center, and Eden Harrington, an attorney with Center, participated. During the September 21 telephone conference, the court announced the rulings that are set forth in this memorandum opinion and order.

## I.

### *Green is Being Permitted to Proceed in Forma Pauperis*

The court is satisfied from the affidavit Green submitted with his motion for leave to proceed *in forma pauperis* that Green is financially qualified thus to proceed. Therefore, the court is ordering that Green be permitted to file his *pro se* motion without payment of costs and otherwise to proceed in this cause as an indigent.

## II.

### *Background*

In October 1990 Green was adjudged guilty by the 167th District Court of Travis County, Texas,[1] of the offense of capital murder and was sentenced to death.[2] His conviction was affirmed by an opinion of the Court of Criminal Appeals of Texas on December 9, 1992. Rehearing was denied January 27, 1993. The Supreme Court of the United States denied *certiorari* on June 21, 1993.

Ford was appointed by the state trial court to represent Green in post-affirmance matters. On January 20, 1994, Green, through Ford, filed an application for writ of *habeas corpus* in the state court, which, together

1. His case was tried in Travis County, Texas, after a change of venue from Tarrant County, Texas. The case was transferred back to Tarrant County after the trial proceedings were concluded.

2. Facts recited in this memorandum opinion and order are based on information set forth in Green's *pro se* motion, information provided to the court during the telephone conferences of September 20 and 21, information appearing in the state court record, which has now been received by the court from the office of the Attorney General of Texas, or information related to the court by a letter from Lamberty that is attached as Exhibit "B" to the court's September 21, 1994, order in this action.

with later filed supplements, raised fourteen grounds for relief. By order signed March 28, 1994, the state trial court recommended that all relief sought by the writ be denied. All such relief was denied on April 19, 1994, by order of the Court of Criminal Appeals of Texas. The motions that are being dealt with by this memorandum opinion and order were not filed until September 19, 1994.[3] They were filed only two weeks before Green's scheduled execution date, October 4, 1994.

Since early 1993 Center has been involved in Green's case, consulting with Green and consulting and working with, and providing recommendations to, counsel for Green. Center's function is to provide representation to persons who are under death penalty in the State of Texas and to perform other functions on behalf of such persons, such as locating other attorneys to provide representation if Center does not directly provide it and working and consulting with, and giving advice to, the other attorneys who directly provide representation. Its attorney personnel consist of sixteen attorneys who are licensed to practice and two who have not been licensed. Shortly after it became involved in Green's case, Center obtained a copy of the state court record of the case. At least one of the attorneys on its staff, Haughton, has studied the record; and, Haughton and another attorney on its staff, Lamberty, have maintained close contact with Green and Ford and worked closely with Ford in the preparation and pursuit of Green's state court application for writ of *habeas corpus.*

In April 1994, once the state court application for writ was denied, Green expressed dissatisfaction with Ford, and the decision was made that Ford no longer would provide representation to Green. That decision was promptly made known to Center and Lamberty. Center has considered itself to be Green's attorney whenever he was not being represented by another attorney, and Green has understood that Center was his attorney when he was without another attorney.

Starting in the spring of 1994, Center has sought an outside attorney to take over the direct representation of Green, but without success.[4] At all times since the filing of a federal application for writ of *habeas corpus* by Green would have been appropriate, starting in the spring of 1994, Center has had the resources and knowledge to prepare and file such an application. The nature and extent of its knowledge and resources would have enabled it to prepare and file such an application in a very short period of time. Center prepared the *pro se* motion for appointment of counsel and stay of execution that is now before the court and filed it for Green after he signed it.

### III.

*Green's Motion for Appointment of Counsel Should be Granted to the Extent Provided in this Memorandum Opinion and Order*

 The court has determined to grant Green's motion for appointment of counsel to the extent, and on the conditions, set forth in this memorandum opinion and order. Lamberty has been selected to serve as the attorney to be appointed for Green because of the special knowledge Lamberty has of Green's case, the extensive knowledge Lamberty has of the law applicable to death penalty matters, and the broad experience he has had in the handling of applications for relief in death penalty cases, including matters

3. On August 29, 1994, the clerk of this court received a letter from Green advising of his execution date and that he did not have a lawyer, and requesting a stay of execution to give him more time to locate an attorney. By letter of September 2, 1994, the clerk acknowledged receipt of his letter and gave him brief information concerning procedures to be followed. The court is quite puzzled why Center, through its personnel, did not assist Green in August 1994 in presenting a proper motion to the court. Of course, more puzzling is why Center did not take court action on behalf of Green, or assist him in taking court action, during the months that have elapsed since his state court writ was denied in April 1994 and they knew Ford no longer was representing him.

4. According to Lamberty, the nature of Green's crime, other activity in which he has been reported to have participated, and his dispute with Ford have caused other attorneys to decline to be involved in his representation.

brought and prosecuted in federal courts.[5] During the September 20 telephone conference, Green expressed ongoing dissatisfaction with Ford and said that he did not want Ford to serve as his attorney,[6] Green does not have the right to select court-appointed counsel, but the court has taken his wishes into account. During the September 21 telephone conference he expressed complete satisfaction with the legal representation Center, Lamberty, and Haughton have provided him.

While Lamberty might be lacking the precise qualifications contemplated by 21 U.S.C. § 848(q)(6), the court finds that there is good cause for appointing Lamberty. The court finds that Lamberty's background, knowledge, and experience enable him to properly represent Green, with due consideration to the seriousness of the death penalty Green faces and to the nature of Green's case. Thus, appointment of Lamberty is authorized by 21 U.S.C. § 848(q)(7).

The court is appointing Ford and Haughton to provide consultation to Lamberty because of the knowledge and experience they have in reference to Green's case. The background, knowledge, and experience of Ford and Haughton qualify them to properly represent Green by providing assistance to Lamberty in performance of those things Lamberty is being appointed to do on behalf of Green, giving due consideration to the seriousness of Green's death penalty and the nature of Green's case.

The court finds that, if Lamberty works with appropriate diligence between now and the deadline fixed by this order for the filing of a 28 U.S.C. § 2254 application for writ of *habeas corpus* for Green, he will have ample

time within which to prepare and file an application that would properly present to the federal courts all grounds for relief that legitimately should be presented in federal court on behalf of Green. If there otherwise were the potential that Lambert would have any difficulty meeting the deadline fixed by this memorandum opinion and order, that potential would be averted by the consultation services he is at liberty to obtain from Ford and Haughton pursuant to the terms of the order. The court expects Ford and Haughton to be accessible to Lamberty at all times between now and such deadline for consultation purposes; and, the court anticipates that the consultation services to be provided to Lamberty by Ford and Haughton will include, but not be limited to, any assistance Lamberty seeks in gaining an understanding of the record of the state court proceedings in which Green was involved, legal research requested by Lamberty, drafting of language for legal documents if Lamberty requests, reviewing drafts of documents prepared by Lamberty if he requests, and commenting, at the request of Lamberty, on possible courses of action. However, Lamberty has the final and ultimate responsibility to do those things required to be done pursuant to this memorandum opinion and order on behalf of Green.

The court is limiting the scope of the representation that Lamberty, Ford, and Haughton are to provide to Green pursuant to the appointments made by this memorandum opinion and order to the preparation, filing, and pursuit of (1) a 28 U.S.C. § 2254 application for writ of *habeas corpus* for Green by which only grounds for relief that have been exhausted in the courts of the

---

5. During the September 20 and 21 telephone conferences, Lamberty "downplayed" his knowledge of, and participation in, Green's case. However, the court is satisfied from information provided during the conferences by Green, Ford, and Haughton that Lamberty has intimate knowledge of Green's case and has been actively participating in the handling of Green's case since the affirmance of the Court of Appeals of Texas following the direct appeal. The court is inclined to think that Lamberty's assertion of limited knowledge of, and acquaintanceship with, Green's case is but a ploy used in an attempt to cause further delay.

6. The court asked Green during the September 20, 1994, telephone conference to explain his reasons for his dissatisfaction with Ford. The court does not consider that the reasons given by Green were substantial; and, the indication is that Ford might well be the victim, as attorneys providing representation to death penalty defendants often become, of tactics to delay execution of the sentence. Though reserved in his praise, Lamberty's comments during the September 20 telephone conference concerning Ford's performance as an attorney on behalf of Green suggest that Ford performed in an entirely professional and competent manner.

State of Texas will be asserted and (2) motions in the federal courts related to such an application, including motions for stays of execution through the federal court system. The appointments of Lamberty, Ford, and Haughton are being made pursuant to the directive given by the Supreme Court in *McFarland v. Scott,* —— U.S. ——, —— ——, 114 S.Ct. 2568, 2572–73, 129 L.Ed.2d 666 (1994). Nothing in the *McFarland* opinion suggests that such an appointment should be broad enough to include performance by appointed counsel, pursuant to the appointment, of services on behalf of the inmate directed to grounds for relief that cannot legitimately be asserted in federal court. In *Sterling v. Scott,* the Fifth Circuit held that an inmate is required to exhaust state remedies before he could seek federally appointed counsel. 26 F.3d 29, 32 (5th Cir.), *pet. for cert. filed,* (U.S. August 17, 1994) (No. 94–5798). The Fifth Circuit cited with approval opinions of the Eleventh and Eighth Circuits to the effect that the federal government is not required to pay for counsel for the exhaustion of postconviction claims in state court. *Id.* at 31.

■ Remarks made by Lamberty during the September 20 telephone conference suggest a belief on his part that a function of an attorney filing a federal application for writ of *habeas corpus* could be to assert in such an application grounds that have not been exhausted in the state courts because of the possibility that the respondent could make an express or implied waiver of the exhaustion requirement as to those grounds. That might well be true in some cases, but the court does not think the court-appointed attorney in this action should have such a function. Because of the time limitations placed upon the federal court system by the failure of Green to present his case to the federal court before now, the court considers inappropriate any appointment of counsel that contemplates the possibility of assertion of grounds as to which there has been no exhaustion. The Court of Appeals, as well as the district court, may decide not to accept a waiver, express or implied, of state court exhaustion requirement. *McGee v. Estelle,* 722 F.2d 1206, 1214 (5th Cir.1984) (*en banc*). Under the exhaustion doctrine, the federal court should dismiss the entire action if any one of the grounds for relief has not been exhausted through the state court. *See Paprskar v. Estelle,* 612 F.2d 1003, 1006 (5th Cir.), *cert. denied,* 449 U.S. 885, 101 S.Ct. 239, 66 L.Ed.2d 111 (1980). The time for gameplaying has passed; and, if there are unexhausted claims, they should be asserted in the state court rather than in this court on the chance that respondent will waive the exhaustion requirement and the further chance that this court and then the Fifth Circuit will accept the waiver.

## IV.

### *The Request for Stay of Execution is Being Denied*

■ In *McFarland,* the Supreme Court held that a district court has the jurisdiction to grant an inmate's motion for stay of execution that accompanies the inmate's request for appointment of counsel. —— U.S. at ——, 114 S.Ct. at 2573. The Court went on to explain that:

This conclusion by no means grants capital defendants a right to an automatic stay of execution. Section 2251 does not mandate the entry of a stay, but dedicates the exercise of stay jurisdiction to the sound discretion of a federal court. Under ordinary circumstances, a capital defendant presumably will have sufficient time to request the appointment of counsel and file a formal habeas petition prior to his scheduled execution. But the right to counsel necessarily includes a right for that counsel meaningfully to research and present a defendant's habeas claims. Where this opportunity is not afforded, "[a]pproving the execution of a defendant before his [petition] is decided on the merits would clearly be improper." *Barefoot* [*v. Estelle* ], 463 U.S., [880] at 889, 103 S.Ct., [3383] at 3392 [77 L.Ed.2d 1090.] (1983) On the other hand, if a dilatory capital defendant inexcusably ignores this opportunity and flouts the available processes, a federal court presumably would not abuse its discretion in denying a stay of execution.

*Id.*

This court is convinced that Green, through Lamberty, can file a proper and

complete federal application for writ of *habeas corpus* by the deadline fixed by this memorandum opinion and order. Therefore, there is no need for the court to grant the stay of execution requested by Green for the appointment of counsel to be meaningful. The court finds that the time allotted by the court for the filing by Green of a federal application for writ of *habeas corpus* grants to his counsel sufficient time to conduct meaningful research and present all *habeas* claims that legitimately should be presented on behalf of Green in federal court.

Because of the findings and conclusions expressed above, the court does not reach the question of whether Green has inexcusably failed to move forward in a timely manner since his state court writ was denied in April 1994. However, the court notes that the information before the court strongly suggests that Green has "flouted the available processes," *id.,* and that he has done so in an effort to "throw a monkey wrench into the system," and, thereby, obtain further delay.

## V.

### *Order*

The court, therefore, ORDERS that:

1. Green's motion for leave to proceed *in forma pauperis* be, and is hereby, granted.

2. Green's *pro se* motion for appointment of counsel be, and is hereby, granted as follows:

a. Lamberty is hereby appointed to provide legal representation to Green on the following conditions:

(1) Lamberty is to represent Green in the (a) preparation, filing, and pursuit on behalf of Green of a 28 U.S.C. § 2254 application for writ of *habeas corpus* by which only grounds for relief that have been exhausted in the courts of the State of Texas will be asserted and (b) preparation, filing, and pursuit of motions in the federal courts related to such an application, including motions seeking stays of execution through the federal court system.

(2) Lamberty does not have the authority under the appointment that is being made by the court through this order to consider or explore assertion by Green of any ground for *habeas corpus* relief that has not been exhausted in the courts of the State of Texas.[7]

(3) Ford and Haughton are hereby appointed to serve as consultants to Lamberty, consistent with this memorandum opinion and order, in accomplishing the things Lamberty has been appointed by the court through this order to accomplish.

(4) Lamberty shall file on behalf of Green an application for writ of *habeas corpus* as contemplated by 28 U.S.C. § 2254 by 3:00 p.m. on September 27, 1994, unless the decision is reached that a § 2254 application should not be filed on behalf of Green prior to the time he is now scheduled to be executed. If such a decision is reached, Lamberty shall advise the court of that fact by appropriate filing made by 3:00 p.m. on September 27, 1994.[8] The application for writ of *habeas corpus* to be filed by Lamberty for Green is to be limited to grounds for relief that Green has exhausted in the courts of the State of Texas. A copy of each item filed pursuant to this paragraph (4) shall, prior to the deadline for filing of such item, be hand-delivered, or delivered by facsimile

---

**7.** This does not preclude Lamberty from exploring the possibility of pursuing, or from pursuing, through the courts of the State of Texas grounds for relief that have not been exhausted, so long as such activity is not being done under the authority of the appointment the court is making by this order.

**8.** The court recognizes the possibility that, between now and the currently scheduled execution date, Green could unsuccessfully seek to exhaust in the courts of the State of Texas new grounds for *habeas* relief. If that were to occur, and if Green, through Lamberty or otherwise, wished thereafter to seek federal court relief as to the new grounds for relief, as well as any other grounds that properly could be presented to the federal court at the same time, the court would, upon appropriate motion, reconsider the deadline fixed by this order.

transmission, to the Austin office of the Attorney General of Texas.

3. Green's request for stay of execution be, and is hereby, denied, without prejudice to the filing of another motion if and when the 28 U.S.C. § 2254 application is filed.