## Robert SIMON, Jr., Petitioner,

v.

## James ANDERSON, Superintendent, Respondent.

### No. 3:97MC29–B.

United States District Court,
N.D. Mississippi,
Western Division.

Sept. 5, 1997.

Gregory S. Park, Oxford, MS, Robert Simon, Jr., Parchman, MS, for petitioner.

Marvin L. White, Jr., Mississippi Atty. Gen's Office, Jackson, MS, for respondent.

### *MEMORANDUM OPINION*

BIGGERS, District Judge.

Pending before this court is the petitioner's pro se petition for leave to proceed in forma pauperis, for stay of execution and for appointment of counsel. The petitioner is presently scheduled to be executed on September 10, 1997. The respondent has requested that the petitioner be ordered to file his writ of habeas corpus within thirty days of the date upon which counsel is appointed, and that the petitioner's writ of habeas corpus be limited to those claims that have been already exhausted in proceedings before the Mississippi Supreme Court. Upon due consideration, the court finds that the respondents' request is well-taken and should be granted, with the exception that the petitioner should be given more than thirty days in which to file his writ of habeas corpus.

### LAW

"A fundamental prerequisite to federal habeas relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b) prior to requesting federal collateral relief." *Sterling v. Scott*, 57 F.3d 451 (5th Cir.1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 715, 133 L.Ed.2d 669 (1996). 28 U.S.C. § 2254(b)(1) states:

An application for writ of habeas corpus in behalf of a person in custody pursuant to

the judgment of a State court shall not be granted unless it appears that—

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

Pursuant to 28 U.S.C. § 2254(b)(1), a state prisoner filing a petition for habeas corpus in federal court is entitled to relief only on those issues which have been exhausted in prior state court proceedings. Before a federal court can consider a claim on federal habeas, the petitioner must have presented the same facts and legal theories to the state court. *Sloan v. Delo,* 54 F.3d 1371 (8th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 728, 133 L.Ed.2d 679 (1996). Therefore, the court finds that the petitioner's writ of habeas corpus should be limited to those claims previously exhausted through state court proceedings.[1]

Furthermore, since the petitioner is limited to those claims previously raised in state court, the court finds that there is no need for a lengthy period of time in which to prepare and present those claims in a federal habeas corpus petition. The plaintiff has been represented by counsel throughout the course of the state court proceedings, and the factual allegations and legal theories underlying his claims should be well-developed. While the petitioner is entitled to seek habeas relief, some restrictions are appropriate to ensure that the petitioner does not use the habeas process merely as a means of indefinitely delaying the execution of his sentence. The Sixth Circuit Court of Appeals addressed the state's interest in preventing unnecessary delay in *In re Parker* by stating:

The public 'has a vital interest in the fair and prompt conclusion of habeas corpus petitions in federal courts, particularly when they involve a serious crime prosecuted by one of the states.' *citing Spann v. Martin,* 963 F.2d 663, 673 (4th Cir.1992). Therefore, even when a district court properly grants a stay, courts recognize that it

should not be unlimited, or of a duration controlled by the prisoner. Instead 'in a capital case the grant of a stay of execution directed to a state by a federal court imposes on that court the concomitant duty to take all steps necessary to ensure a prompt resolution of the matter, consistent with its duty to give full and fair consideration to all of the issues presented in the case.' *citing In re Blodgett,* 502 U.S. 236, 112 S.Ct. 674, 116 L.Ed.2d 669 (1992).

*In re Parker,* 49 F.3d 204, 208 (6th Cir.1995). After carefully considering the interests of both the state and the petitioner, the court finds that the petitioner should be instructed to file his writ of habeas corpus within sixty days of the date on which counsel is appointed.

### CONCLUSION

For the foregoing reasons, the court finds that the petitioner should be directed to file his petition for habeas corpus within sixty days from the date upon which counsel is appointed, and that the petitioner's petition for habeas corpus should be limited to those claims that have been already exhausted in proceedings before the Mississippi Supreme Court.

---

[1] Since the petitioner has not filed a petition for post-conviction relief, the only claims that will be ripe for decision in any habeas corpus petition will be those raised and decided on direct appeal.