IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 95-10376

IN RE ORIEN CECIL JOINER,

Petitioner,

On Petition for Writ of Mandamus to the United States
District Court for the Northern District of Texas

( June 27, 1995 )

Before KING, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PER CURIAM:

Orien Joiner was convicted of capital murder and sentenced to death in Texas state court. The Texas Court of Criminal Appeals affirmed his conviction, and the U.S. Supreme Court denied certiorari. Joiner filed pro se motions for stay of execution in state court, but the Texas District Court and Court of Criminal Appeals denied the motions and refused to appoint an attorney for state habeas proceedings. Applying McFarland v. Scott, 114 S. Ct. 2568 (1994), the U.S. District Court for the Northern District of Texas appointed counsel to prepare Joiner's federal habeas petition. Seeking to develop claims that had not been presented to the state courts, appointed counsel asked the magistrate to authorize investigative and expert assistance under 21 U.S.C. § 848(q)(9). The magistrate denied the motion, and the district judge overruled Joiner's objections to the magistrate's order. Joiner seeks review in this court via petition for writ of mandamus. We deny the petition.

Joiner concedes that he failed to exhaust state remedies by first presenting all of the claims he now raises to a state court. He nevertheless argues that he has a right to federal counsel, including investigative and expert assistance, to help him exhaust his state habeas remedies. He relies on McFarland, which held that 21 U.S.C. § 848(q)(4)(B) entitles prisoners seeking federal habeas relief to court-appointed counsel for the preparation of a habeas petition. 114 S. Ct. at 2572. The issue

in that case was whether the statutory right to appointed counsel attaches before a prisoner files a federal habeas petition. Id. at 2571-72. The Court answered that question in the affirmative, reasoning that appointed counsel and experts are necessary to prepare and present federal habeas cases effectively. Id. at 2572.

McFarland did not decide whether the statutory right to appointed counsel in "every subsequent stage of available judicial proceedings" extended to state collateral review. 21 U.S.C. § 848(q)(8). In other words, McFarland addressed the timing of appointment of counsel, not the scope of appointment. We settled the latter issue in Sterling v. Scott, No. 94-10297 (5th Cir. June 22, 1995). Sterling involved a federal habeas petitioner who relied on McFarland in seeking federally appointed counsel to exhaust his claims in state postconviction proceedings. We held that McFarland resolved only the issue of timing, leaving open the meaning of 21 U.S.C. § 848(q)(8). Sterling went on to decide that, read as a whole, the statute provides counsel only for proceedings after the end of state court proceedings. We are bound by this prior panel opinion and hold that Joiner has no right to the assistance of federally appointed counsel or experts to exhaust state remedies.

In the alternative, Joiner argues that he need not exhaust state remedies. The state refused to appoint counsel for Joiner's state habeas case, and Joiner claims that state remedies are by definition inadequate because Joiner could not do a good job if he proceeded pro se. It is true that prisoners who proceed pro se in state court but fail because of ineptitude may perhaps be excused from taking further steps to exhaust state remedies. See Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991); Potter v. Dowd, 146 F.2d 244, 247 (7th Cir. 1944). But even if this was the law in our circuit, Joiner would still have to make an effort to exhaust state remedies on his own. Otherwise, the exhaustion requirement would be a nullity.

Because Joiner has no right to federally appointed experts in state habeas proceedings, and because he did not exhaust state remedies before raising his federal claims, we DENY the petition for writ of mandamus.

KING, Circuit Judge, specially concurring:

Although I am uneasy about our holding in <u>Sterling v. Scott</u>, No. 94-10297 (5th Cir. June 22, 1995), I agree that <u>Sterling</u> controls the outcome here and I therefore concur.