UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-10194
_____


JEFFERY EUGENE TUCKER,

                                    Petitioner-Appellant,

                    versus

WAYNE SCOTT, Director,
Texas Department of Criminal Justice,
Institutional Division,

                                    Respondent-Appellee.

_____

Appeal from the United States District Court for the
Northern District of Texas
_____

(October 4, 1995)


Before JONES, BARKSDALE, and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:

    Jeffery Eugene Tucker, a Texas death row inmate, appeals the district court's interlocutory order that appoints counsel to represent him but limits counsel's representation to issues that have been exhausted in state court.  We dismiss this habeas proceeding without prejudice to allow Tucker to exhaust his state habeas remedies.  Further, we relieve counsel of further obligation in this federal proceeding.

## I.    PROCEDURAL HISTORY

On November 8, 1994, Tucker filed a motion for appointment of counsel in federal district court pursuant to 21 U.S.C. § 848(q)(4)(B) and <u>McFarland v. Scott</u>, __ U.S. __, 114 S.Ct. 2568 (1994).  On February 7, 1995, the district court granted the motion, appointing Richard Burr of the Texas Resource Center to represent Tucker.  However, it also "concluded that the scope of work to be performed for Tucker by the attorney to be appointed by this court should be limited to the preparation for, filing in, and pursuit through this court of an application for writ of habeas corpus that asserts only grounds for relief that were exhausted through the state court in connection with Tucker's direct appeal in state court."

The district court found that the order involved a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. <u>See</u> 28 U.S.C. § 1292(b).  This Court then granted Tucker's petition for permission to appeal.  <u>See</u> Rule 5 of the Federal Rules of Appellate Procedure.

## II.  EXCUSAL FOR EXHAUSTION OF STATE REMEDIES

Initially, Tucker argued that the district court's holding that counsel's scope of representation must be limited to exhausted issues was erroneous.  Citing <u>McFarland</u>, Tucker contended that counsel appointed pursuant to § 848(q)(4)(B) must be permitted to develop unexhausted claims during the federal habeas corpus proceedings when the state courts do not appoint counsel in the

2

state habeas proceedings. Subsequent to the filing of Tucker's brief, this Court decided In Re Joiner, 58 F.3d 143 (5th Cir. 1995). In that case, relying on Sterling v. Scott, 57 F.3d 451 (5th Cir.), petition for cert. filed, (U.S. Aug. 21, 1995) (No. 95-5645), we held that a petitioner had "no right to the assistance of federally appointed counsel or experts to exhaust state remedies." Id. at 144. We also declined to accept Joiner's alternative argument that, because the state refused to appoint habeas counsel, he was excused from exhausting state remedies. Accordingly, Tucker's argument that he is excused from exhausting his state remedies is precluded by our opinion in Joiner.

III. DISMISSAL WITHOUT PREJUDICE

Recently, the 74th Texas Legislature enacted Senate Bill 440, which provides that certain indigent applicants are entitled to appointed counsel to pursue an application for habeas corpus relief pursuant to Article 11.071 of the Texas Code of Criminal Procedure. Act of May 24, 1995, ch. 319, § 1, 1995 Tex. Sess. Law Serv. 2764 (effective Sept. 1, 1995). It is apparent that Tucker is eligible to have appointed counsel in a state habeas corpus proceeding under the newly enacted statute. In light of the enactment of Senate Bill 440, this Court requested the parties to respond to its effect on the instant proceedings and, further, to express their views regarding the possibility of a dismissal without prejudice to allow Tucker to seek appointed counsel under the newly enacted statute so that he might exhaust his state remedies. Both parties agree that this appeal should be dismissed without prejudice so that Tucker may properly exhaust his state remedies.

3

Allowing Tucker to return to state court and exhaust his remedies will further the "principles of comity, of cooperation and of rapport between the two sovereigns." <u>State of Texas v. Payton</u>, 390 F.2d 261, 270 (5th Cir. 1968). Moreover, it is well established that the state courts are the proper forum for developing the facts underlying a petitioner's constitutional claims. <u>See</u> <u>Hart v. Estelle</u>, 634 F.2d 987, 989 (5th Cir. 1981).

Accordingly, this habeas proceeding is DISMISSED WITHOUT PREJUDICE to either Tucker's right to file a future petition for habeas relief in federal court or seek appointment of counsel under <u>McFarland</u>. Further, Richard Burr, as counsel for Tucker, is relieved of further obligations in connection with his appointment in the instant federal court proceedings.