**UNITED STATES ex rel. John WHITEHEAD, Petitioner,**

v.

**Thomas PAGE, Respondent.**

No. 95 C 5036.

United States District Court,
N.D. Illinois,
Eastern Division.

Dec. 13, 1995.

---

David John Keefe, Illinois Capital Resource Center, Chicago, IL, for plaintiff.

Arleen C. Anderson, Attorney General's Office, Chicago, IL, for defendant.

### MEMORANDUM OPINION AND ORDER

ANN CLAIRE WILLIAMS, District Judge.

John Whitehead is under sentence of death. He requests the court to appoint counsel for him to prepare a federal petition for a writ of habeas corpus. The Illinois Supreme Court affirmed Whitehead's conviction on direct review on June 5, 1987. Whitehead thereafter filed for state post-conviction relief which the trial court denied. The appeal from the denial of his postconviction petition currently is pending in the Illinois Supreme Court. The case had been scheduled for oral argument at the time Whitehead presented his motion for appointment of counsel to this court. Concluding that Whitehead has not sufficiently exhausted his state court remedies as required under the federal habeas corpus statutes, the court denies both his motion for leave to file in forma pauperis and his motion for appointment of counsel.

Following *McFarland v. Scott*, —— U.S. ——, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994), it is clear that a defendant convicted of a capital offense need not file a formal petition for a writ of habeas corpus before seeking appointment of counsel under 21 U.S.C. § 848(q)(4)(B) and a stay of execution. When the petitioner in *McFarland* tendered his request for counsel with the federal court, he had ostensibly exhausted his state court remedies and had only five days remaining before his scheduled execution date. Whitehead, on the other hand, is awaiting decision from the Illinois Supreme Court in a case that was scheduled for oral argument and has no execution date scheduled as yet. Normally, a petitioner must exhaust his state court remedies before applying to federal court for habeas relief. *See* 28 U.S.C. § 2254(b). The question here, unanswered in *McFarland*, is whether a petitioner must first exhaust his state court remedies before seeking to exercise his statutory right to appointment of counsel to prepare a habeas corpus petition in a capital case.

Few courts have yet to consider this question. From those that have, however, it would appear that Whitehead's request for appointment of counsel is a tad premature. In *In re Joiner*, 58 F.3d 143 (5th Cir.1995), the court affirmed the denial of a motion for appointment of counsel under *McFarland*, in part, because petitioner had failed to exhaust state remedies. Following its decision in *Sterling v. Scott*, 57 F.3d 451 (5th Cir.1995), the court noted "that, read as a whole, the statute [21 U.S.C. § 848(q)(4)(B) ] provides counsel only for proceedings after the end of state court proceedings." 58 F.3d at 144; *see also Tucker v. Scott*, 66 F.3d 1418 (5th Cir.1995) (dismissing habeas petition without prejudice to petitioner's right to seek appointment of counsel under *McFarland* after exhaustion of state court remedies). *But see Gordon v. Vasquez*, 859 F.Supp. 413, 417 (E.D.Cal.1994) (exhaustion requirement does

not preclude court from authorizing payment of funds under 21 U.S.C. § 848(q) for investigation of unexhausted state claims). This only makes sense. The state court may yet act to vacate either Whitehead's conviction or his death sentence. In either event, the statute authorizing pre-filing appointment of counsel would no longer apply to his case and any expenditure of funds in preparing the petition would be wasted. Although counsel in this case states that he is not seeking to bill the court for his services, this may not always be the case. Consequently, because one generally cannot proceed under Section 2254 with a habeas petition raising unexhausted claims, 18 U.S.C. § 848(q)(B)(4) cannot be construed to authorize appointing counsel for Whitehead while his claims are actively under review in the state court. *See In re Lindsey,* 875 F.2d 1502, 1506 (11th Cir.1989).

While appointment of counsel to assist an inmate in preparing a habeas corpus petition before he has exhausted his state remedies might be warranted in exceptional circumstances, Whitehead presents no such circumstances here. Unlike the petitioner in *McFarland,* Whitehead does not face an imminent execution date. Executions in this state, set by the Illinois Supreme Court, are typically stayed pending exhaustion of the federal habeas corpus remedy if the defendant files for relief within 120 days of the final order upholding his conviction in state court. Moreover, Whitehead has counsel in state court and an attorney willing to represent him in his federal habeas proceeding. Thus, the core concerns underlying *McFarland,* "that an uncounseled prisoner would be required to 'proceed without counsel in order to obtain counsel and thus would expose him to the substantial risk that his habeas claims never would be heard on the merits'" do not pertain here. *See In re Parker,* 49 F.3d 204, 209 (6th Cir.1995) (citing *McFarland,* — U.S. at ——, 114 S.Ct. at 2572); *cf. Steffen v. Tate,* 39 F.3d 622, 628 (6th Cir.1994) (construing *McFarland* to apply only to "limited situation where a truly unrepresented petitioner requires representation to prepare a competent habeas petition"). The court recognizes the importance of qualified counsel in capital habeas corpus cases and the need for counsel to have sufficient time to prepare fully such a case. Should the Illinois Supreme Court rule adversely to Whitehead, the court, if requested, will promptly appoint counsel for him. But nothing in *McFarland* would allow this court to construe 21 U.S.C. § 848(q)(4)(B) so broadly as to authorize appointment of counsel for Whitehead to prepare a federal habeas corpus petition for filing in federal court when the state court has the arguments he wishes to present under advisement. Having yet to exhaust state remedies, Whitehead has no present need to prepare a federal habeas corpus petition.

Accordingly, the court denies Whitehead's motion for leave to file in forma pauperis and motion for appointment of counsel without prejudice for failure to exhaust state court remedies.