**Jesse Joe PATRICK, Petitioner,**

v.

**Gary JOHNSON, Director Texas Department of Criminal Justice, Institutional Division, Respondent.**

No. 3–98–CV–2291–P.

United States District Court, N.D. Texas, Dallas Division.

May 5, 1999.

Keith S. Hampton, Austin, Texas, for petitioner.

Christina Thompson, Assistant Attorney General, Austin, Texas, for respondent.

### *MEMORANDUM OPINION AND ORDER*

KAPLAN, United States Magistrate Judge.

Petitioner Jesse Joe Patrick has filed an application for investigative and expert as-

sistance under 21 U.S.C. § 848(q)(9). For the reasons stated herein, the application is denied.

## I.

Petitioner was convicted of capital murder and sentenced to death. His conviction and sentence were affirmed on direct appeal. *Patrick v. State*, 906 S.W.2d 481 (Tex.Crim.App.1995), *cert. denied*, 517 U.S. 1106, 116 S.Ct. 1323, 134 L.Ed.2d 475 (1996). Petitioner also filed an application for writ of habeas corpus in state court. The Texas Court of Criminal Appeals denied habeas relief in an unpublished opinion. *Ex parte Patrick*, No. 71,105–01 (Tex. Crim.App. April 22, 1998). Petitioner then filed this action in federal court.

## II.

Petitioner seeks federal habeas relief on five grounds. None of his claims are based on ineffective assistance of counsel.[1] Nevertheless, petitioner wants to hire an investigator and two psychologists to explore his mental condition so he can determine whether his lawyer should have introduced expert testimony on this issue at trial. The anticipated cost of these investigative and expert services is $20,000. Petitioner surmises that further investigation and a psychological evaluation may reveal that he suffers from an undiagnosed mental illness. Respondent opposes the relief sought. The issues have been briefed by the parties and this matter is ripe for determination.

### A.

■ The Anti–Drug Abuse Act of 1988 authorizes funding for investigative, expert, or other services "reasonably necessary" for the representation of indigent habeas petitioners in capital cases. 21 U.S.C. § 848(q)(9); *McFarland v. Scott*, 512 U.S. 849, 855, 114 S.Ct. 2568, 2572, 129 L.Ed.2d 666 (1994). The statute does not

define reasonable necessity. However, established habeas corpus and death penalty precedent suggests that Congress intended to provide prisoners with "all resources needed to discover, plead, develop, and present evidence determinative of their 'colorable' constitutional claims." J. Liebman & R. Hertz, FEDERAL HABEAS CORPUS PRACTICE AND PROCEDURE § 19.3 at 702 (3d ed.1998). The determination of a habeas claim often depends on the full development of factual issues, and experts play an important role in the fact-finding process. *See McFarland*, 114 S.Ct. at 2572. It therefore follows that a petitioner must present the court with *specific* allegations which demonstrate that he is confined illegally and entitled to relief. Otherwise, the appointment of an expert is not "reasonably necessary." *See Lawson v. Dixon*, 3 F.3d 743, 753 (4th Cir.1993), *cert. denied*, 510 U.S. 1171, 114 S.Ct. 1208, 127 L.Ed.2d 556 (1994).

■ The situation is further complicated when a habeas petitioner requests the appointment of an expert to assist in the development of an unexhausted claim. A petitioner is not entitled to compensation for experts or investigators until all claims have been exhausted in the state courts. *In re Joiner*, 58 F.3d 143, 144 (5th Cir. 1995) (no right to federally appointed experts to exhaust state remedies); *In re Lindsey*, 875 F.2d 1502, 1508 (11th Cir. 1989) (same). In addition, at least one circuit court has held that expert assistance is "necessary" only when an evidentiary hearing is required. *Lawson*, 3 F.3d at 753.

### B.

■ This case is one-step removed from those authorities involving the use of federal funds to pursue unexhausted claims. Here, petitioner requests compensation for an investigator and two experts to aid in

---

1. Petitioner challenges the sufficiency of the evidence to support his conviction and the jury's answers to special issues on punishment. He also complains that one juror was improperly struck for cause.

the development of a claim that was not raised in *either* state court or federal court. Indeed, counsel concedes that petitioner's mental condition is "wholly unexplored."[2] (Motion at 2). He offers no explanation for the failure to develop this claim at trial or in state post-conviction proceedings. Nor does counsel provide any medical opinion or evaluation which supports his theory of mental illness. Section 848(q) was not designed to provide habeas petitioners with unlimited resources to investigate speculative claims founded on mere suspicion and surmise.

■ Moreover, any claim based on trial counsel's failure to explore petitioner's mental condition would likely be procedurally barred. Texas law prohibits a second habeas petition if the petitioner urges grounds therein that could have been, but were not, raised in his first habeas petition. *See* TEX.CODE CRIM.PROC.ANN. art. 11.071, § 5 (Vernon Supp.1999).[3] This statute constitutes an adequate state procedural bar for purposes of federal habeas review. *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir.1995), *citing Ex parte Barber*, 879 S.W.2d 889, 892 n. 1 (Tex.Crim.App. 1994), *cert. denied*, 515 U.S. 1153, 115 S.Ct. 2603, 132 L.Ed.2d 847 (1995). *See also Nobles v. Johnson*, 127 F.3d 409, 422–23 (5th Cir.1997), *cert. denied*, —— U.S. ——, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998) (procedural bar doctrine applies to unexhausted claims if state court would likely dismiss successive habeas petition under Article 11.071). Petitioner is not entitled to the appointment of an investigator or expert to explore claims which are procedurally barred. *Fuller v. Johnson*, 114 F.3d 491, 502 (5th Cir.), *cert. denied*, —— U.S. ——, 118 S.Ct. 399, 139 L.Ed.2d 312 (1997).

The Court concludes that petitioner has failed to establish that the appointment of an investigator or expert is "reasonably necessary" under 21 U.S.C. § 848(q)(9). Accordingly, his application is denied.

SO ORDERED.

■

---

**2.** Petitioner was evaluated by two court-appointed experts in connection with the state habeas proceeding. Both experts determined that he was legally competent. However, neither expert examined petitioner for mental illness.

**3.** The statute provides, in relevant part, that: (a) If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:

(1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or

(2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

TEX.CODE CRIM PROC ANN. art. 11.071, § 5(a).