Anthony GRAVES

v.

Gary L. JOHNSON.

No. Civ. G–00–221.

United States District Court,
S.D. Texas,
Galveston Division.

Aug. 16, 2000.

Roy E. Greenwood, Austin, TX, Jay W. Burnett, Houston, TX, for Anthony Graves, petitioner.

Gena Blount Bunn, Texas Attorney General, Austin, TX, for Gary Johnson, Director, TDCJ, ID, respondent.

### *OPINION AND ORDER*

KENT, District Judge.

Before the Court for its anticipated approval is an interim claim for services rendered and expenses incurred in the amount of $11,765.16 submitted by Roy

---

Greenwood, one of the two Court-appointed attorneys representing Anthony Graves, a Texas death row inmate, in this federal habeas corpus action; approval will be denied.

■ This action was initiated on April 11, 2000, when Greenwood filed an Application to Proceed *In Forma Pauperis* and an application to be appointed counsel of record for Graves. The entire file consists of twelve documents: five Orders drafted by this Court; two voucher forms generated by this Court; four general "form" motions submitted by counsel for pauper status, appointment of counsel, a stay of execution and appointment of an investigator; and one motion tailor-made for this litigation which notifies the Court of the parties' agreement to depose Graves' co-Defendant, Robert Carter, who has now recanted his inculpatory trial testimony against Graves, and thereafter return to state court to exhaust Graves' state court remedies through a successive petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. Accordingly, this matter is now back in state court and will be litigated here only if Graves' state court petition is unsuccessful.

■ Statutory compensation for Court-appointed counsel pursuant to 21 U.S.C. § 848(q)(8), while intended to ease the financial burden upon appointed counsel, was never meant to eliminate that burden entirely, mirror private sector rates or result in an annuity for the Federal Bar. *United States v. Carnevale,* 624 F.Supp. 381, 383 (D.R.I.1985) Moreover, this Court has steadfastly enforced its obligation to protect the United States tax payers trust in disbursing funds for Court-appointed counsel. See *United States v. Smith,* 76 F.Supp.2d 767 (S.D.Tex.1999) In the case at bar, this Court cannot, in good conscience, authorize or approve Greenwood's claim.

Nothing of substance has been done by counsel of record to advance Graves' claim to federal habeas relief. In fact, it appears that this litigation should never have been brought in the first instance. Counsel knew before February 22, 2000, almost two months before this action was commenced, that Carter had recanted; on that date a motion was filed pursuant to Rule 27 of the Federal Rules of Civil Procedure in the Western District of Texas, Austin Division, to authorize a deposition to perpetuate the testimony of the recreant Carter. Therefore, counsel knew, or at least should have known, at that time that a state court petition would have to be filed in order to exhaust this new claim which, under the law in this Circuit, would toll the one year limitation period for seeking federal habeas relief. *Villegas v. Johnson,* 184 F.3d 467 (5th Cir.1999) (A habeas application that conforms with the state's applicable procedural filing requirements, even if successive, is "properly filed" and will toll the applicable federal limitations.) Nevertheless, counsel initiated this federal litigation, solicited the Court's appointment, secured funds for a private investigator, ran up a bill in excess of $11,000.00 [1] and, promptly withdrew to state court to pursue habeas relief there. Under these circumstances, this Court is hard pressed to dole out a substantial amount of federal funds to finance state court litigation, even if solely for the purpose of exhaustion of remedies in furtherance of federal habeas relief. See *In re Joiner,* 58 F.3d 143, 144 (5th Cir.1995) (A petitioner has "no right to the assistance of federally appointed counsel or experts to exhaust state remedies.") See also *Sterling v. Scott,* 26 F.3d 29 (5th Cir.1994) (Petitioner cannot enjoy his federal right to counsel under 21 U.S.C. § 848(q)(4)(B) while exhausting state court remedies.)

Accordingly, it is the **ORDER** of this Court that the interim request of Roy

---

1. This bill is only for the services of attorney Greenwood, the Court has yet to hear from his co-counsel, Burnett.

Greenwood for attorney's fees and reimbursement of expenses is **DENIED**.