**Blayde GRAYSON Petitioner**

v.

**Christopher B. EPPS, Commissioner Mississippi Department of Corrections, Michael A. Wilson, Superintendent Mississippi State Penitentiary, and Jim Hood, Attorney General of the State of Mississippi Respondents**

**No. CIV.A.1:04–CV–708B.**

United States District Court,
S.D. Mississippi,
Southern Division.

Sept. 28, 2004.

Michael Adelman, Adelman & Steen, LLP, Hattiesburg, MS, for Plaintiff.

## OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on the following Motions:

1) Petitioner Blayde Grayson's Motion for Appointment of Counsel (filed September 3, 2004); and

2) Grayson's Motion to Proceed *In Forma Pauperis* (filed September 3, 2004).

Having reviewed the Motions, Responses and Rebuttals, as well as supporting and opposing authority, the Court finds that:

tion context. *See In Re Wright*, 231 B.R. 597, 601–02 (Bkrtcy.W.D.Tex.1999).

1) Grayson's Motion for Appointment of Counsel is well taken and should be granted; and

2) Grayson's Motion to Proceed *In Forma Pauperis* is well taken and should be granted.

## I. Facts and Procedural History

Grayson was convicted of capital murder, pursuant to Miss.Code Ann. § 97–3–19(e), while in the commission of the crime of burglary as defined by § 97–17–23 of the Mississippi Code. The verdict of guilty was returned by a jury in the Circuit Court of George County, Mississippi, on August 7, 1997. The following day, the jury returned a sentence of death.

Grayson appealed his conviction and sentence to the Mississippi Supreme Court. On November 8, 2001, the Mississippi Supreme Court affirmed Grayson's conviction and death sentence. *Grayson v. State of Mississippi*, 806 So.2d 241 (Miss. 2001). A timely petition for rehearing was filed and later denied on February 7, 2002. *Id.* Grayson then filed a Petition for Writ of Certiorari with the United States Supreme Court, and the Petition was denied on October 21, 2001. *Grayson v. Mississippi*, 537 U.S. 973, 123 S.Ct. 466, 154 L.Ed.2d 329 (2002). The procedural path of this case then returned to Mississippi state court, in which Grayson filed an Application for Post–Conviction Relief. The Mississippi Supreme Court denied the Application on June 24, 2004. *Grayson v. State of Mississippi*, 879 So.2d 1008 (Miss. 2004). Grayson filed a Petition for Re-

hearing, which was denied on August 19, 2004. *Id.*

Grayson now comes to this Court seeking appointment of counsel to pursue his federal habeas corpus remedies. He also moves the Court to pursue those remedies *in forma pauperis.* Grayson's prayers for relief are now ripe for consideration.

## II. Analysis

■ Under federal law, a petitioner is entitled to qualified legal representation during his "post conviction proceeding" brought pursuant to § 2254. 21 U.S.C. § 848(q)(4)(B). This particular right to counsel attaches before the filing of the actual petition for a writ of habeas corpus, so a petitioner can receive assistance from court-appointed counsel in preparing his petition. *McFarland v. Scott,* 512 U.S. 849, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994).

The Court grants Grayson's Motion for Appointment of Counsel to assist him in preparing and filing his petition for federal habeas relief. The Court appoints Teresa L. Norris as lead counsel, and Michael Adelman as her co-counsel.[1] This appointment is for the purpose of preparing and filing Grayson's federal petition and not for any state court proceedings. *See, e.g., In re Joiner,* 58 F.3d 143 (5th Cir.1995). Furthermore, the Court advises both attorneys not to duplicate the efforts of each other. To prevent unnecessary duplication of work, Ms. Norris will monitor the joint work in this case.

■ In their Response to the Motion for Appointment of Counsel, Respondents con-

---

**1.** Ms. Norris is directed to take all appropriate steps, within sixty days, to become a member of the Criminal Justice Act ("CJA") Panel within the Southern District of Mississippi. An application for the same was forwarded to Ms. Norris via the U.S. Postal Service on or about September 22, 2004. Ms. Norris need not seek *pro hac vice* status in this cause. The

Court notes that Mr. Adleman is currently a member of the CJA Panel. All requests for compensation and/or reimbursement of expenses will be submitted on proper CJA forms and will be determined in accordance with the CJA procedures currently in effect within this district.

tend that the State of Mississippi should be able to avail itself of the "opt-in structure" provided in the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). The opt-in structure of the AEDPA is codified at 28 U.S.C. § 2261(a), (b) & (c). If Mississippi is allowed to opt-in under § 2261, then the 180 day limitations period set forth is 28 U.S.C. § 2263(a) applies to Grayson's Petition for Habeas Corpus Relief, rather than the one year limitations period set forth in 28 U.S.C. § 2244(d).

The relevant subsections of § 2261 state:

(a) This chapter shall apply to cases arising under section 2254 brought by prisoners in State custody who are subject to a capital sentence. *It shall apply only if the provisions of subsections (b) and (c) are satisfied.*

(b) This chapter is applicable if a State establishes by statute, rule of its court of last resort, or by another agency authorized by State law, a mechanism for the appointment, compensation, and payment of reasonable litigation expenses of competent counsel in State post-conviction proceedings brought by indigent prisoners whose capital convictions and sentences have been upheld on direct appeal to the court of last resort in the State or have otherwise become final for State law purposes. The rule of court or statute must provide standards of competency for the appointment of such counsel.

(c) Any mechanism for the appointment, compensation, and reimbursement of counsel as provided in subsection (b) must offer counsel to all State prisoners under capital sentence and must provide for the entry of an order by a court of record—

(1) appointing one or more counsels to represent the prisoner upon a finding that the prisoner is indigent and accepted the offer or is unable competently to decide whether to accept or reject the offer;

(2) finding, after a hearing if necessary, that the prisoner rejected the offer of counsel and made the decision with an understanding of its legal consequences; or

(3) denying the appointment of counsel upon a finding that the prisoner is not indigent.

(Emphasis added).

In *Brown v. Puckett,* No. 3:01CV197–D, 2003 WL 21018627 (N.D.Miss. Mar. 12, 2003), the United States District Court for the Northern District of Mississippi analyzed the opt-in requirements of § 2261, and succinctly summarized them as follows:

States seeking to qualify for the special benefits [to the opt-in structure] must do the following:

1) establish by statute or rule a mechanism for appointment and compensation of counsel for state post-conviction proceedings;

2) ensure that appointed counsel are competent;

3) pay appointed counsel reasonable litigation expenses; and

4) offer counsel to all capital prisoners seeking post-conviction relief, with actual appointment of counsel occurring upon a determination that the capital prisoner is indigent and has accepted the offer.

*Id.* at *1. The *Brown* Court went on to hold that:

Failure to meet any of these requirements would prevent a state from having the requisite procedures and, therefore, from receiving the following procedural benefits:

1) *the general one-year statute of limitations is reduced to six months* (along with certain tolling provisions);

2) federal district courts are limited to considering only claims that have been raised and decided on the merits in the State courts;

3) no amendment to a habeas petition subject to the reforms is permitted after the filing of the answer to the petition, except on certain grounds set forth in section 2244(b);

4) adjudication of a death penalty habeas corpus petition must be given priority by the district court and court of appeals over all noncapital matters; and

5) reviewing courts must expedite the review of these petitions.

*Id.* at *1–2 (emphasis added). This Court agrees with the holdings in *Brown.*

In an apparent attempt to qualify the State of Mississippi to avail itself of the opt-in structure, in 1999, the Mississippi Supreme Court held that "all death-row post-conviction petitioners would have a right to appointed counsel, attorney compensation, and reasonable litigation expenses in their attempt to seek post-conviction relief from their convictions and death sentences." *Id.* at *2 (citing *Jackson v. State,* 732 So.2d 187 (Miss.1999)). The following year, the Mississippi Legislature passed the Mississippi Capital Post–Conviction Counsel Act.[2] The Mississippi Capital Post–Conviction Counsel Act, which took effect on July 1, 2000, provides, *inter alia,* for: (1) the formation and maintenance of the Mississippi Office of Capital Post–Conviction Counsel (Miss.Code Ann. § 99–39–103); (2) the provision of legal representation to indigent parties who have been sentenced to death (Miss.Code

Ann. § 99–39–105); and (3) payment for the legal representation (Miss.Code Ann. § 99–35–18).

Mississippi also recently amended Rule 22 of the Mississippi Rules of Appellate Procedure by adding subsections (d) and (e) to that Rule. These subsections of Rule 22 address the opt-in requirements of 28 U.S.C. § 2261(a), (b) & (c) quoted above. Subsections (d) and (e) state:

(d) Standards and Qualifications for Attorneys Appointed or Retained to Represent Those Under Sentence of Death in Post-conviction Proceedings.

Counsel representing those under a sentence of death seeking post-conviction relief shall,

(1) Be admitted to practice law in Mississippi, being a member in good standing of the Bar for at least five years immediately preceding the appointment, or admitted pro hac vice pursuant to order entered under M.R.A.P. 46 and being a member in good standing of that attorney's home jurisdiction for a like period immediately preceding the appointment,

(2) Be admitted to practice in the federal courts of Mississippi and before the Fifth Circuit, or, in the case of attorneys appearing pro hac vice, admitted to the federal district courts and the circuit court of appeals having jurisdiction in their home areas,

(3) Have practiced in the area of state criminal appeals or post-conviction proceedings for three years immediately preceding appointment,

(4) Have not previously represented the capital petitioner in the case either in the trial court or in the direct appeal, unless the petitioner and coun-

---

**2.** The Mississippi Capital Post–Conviction Counsel Act is codified within the following sections of the Mississippi Code: § 99–15–18, §§ 99–19–105 & 106, § 99–39–5, § 99–39–23, § 99–39–27 & 28, §§ 99–39–101 through 119.

sel expressly request continued representation and waive all potential issues that are foreclosed by continued representation, and

(5) Have within five years immediately preceding the appointment been counsel in an appeal or post-conviction proceeding in a case in which a death sentence was imposed, and have prior experience as counsel in the appeal of at least three felony convictions and at least one post-conviction proceeding; or, in the alternative, have within such period been counsel in the appeal of at least six felony convictions, at least two of which were appeals from murder convictions and counsel in at least two post-conviction proceedings.

Provided, however, under exceptional circumstances, and with the consent of the Supreme Court, an attorney may be appointed who does not meet the stated qualifications upon a showing that the attorney's experience, stature and record enable the Court to conclude that the attorney's ability significantly exceeds the standards set forth in the rule.

(e) Education and Training of Attorneys Appointed or Retained to Represent Those Under Sentence of Death in Post-conviction Proceedings. Effective July 31, 2000, an attorney serving as post-conviction counsel in a case wherein the petitioner is under a sentence of death shall have within one year prior to his appointment or employment successfully completed twelve hours training or educational programs in the area of capital defense through a program accredited by the Mississippi Commission on Continuing Legal Education or by the American Bar Association.

Miss. R.App. P. 22(d) & (e).

Respondents in this case argue that the *passage* of the Mississippi Capital Post–Conviction Counsel Act and promulgation of subsections (d) and (e) to Rule 22 entitle the State of Mississippi avail itself of the opt-in structure provided in the AEDPA, thus reducing the limitations period to 180 days for Grayson to seek federal habeas corpus remedies. The Court disagrees.

If the State of Mississippi had offered evidence that it *actually complied with* the holdings in *Jackson v. State*, the provisions of the Mississippi Capital Post–Conviction Counsel Act, and the provisions of Rule 22 of the Mississippi Rules of Appellate Procedure, then Mississippi *may* be eligible to avail itself of the opt-in structure of the AEDPA. However, that issue is not ripe for decision at this time, because Respondents presented no such evidence, and mere passage of the aforementioned provisions is insufficient. *See, Tucker v. Catoe*, 221 F.3d 600, 604–05 (4th Cir.2000)(holding that "a state must not only enact a 'mechanism' and standards for post-conviction review of counsel, but those mechanisms must in fact be complied with before the state may invoke the time limitations of 28 U.S.C. § 2263.").

Applying *Tucker* to this case, the Court finds that in order to avail itself of the reduced limitations period of 28 U.S.C. § 2263(a), as well as the other benefits of the opt-in structure, the State of Mississippi *bears the burden to prove* that it has complied with the opt-in requirements of 28 U.S.C. § 2261(a), (b) & (c). The method of attempting to prove such is left to the State of Mississippi. One effective method of offering proof of the issue would be to set forth the historic application of *Jackson v. State*, the provisions of the Mississippi Capital Post–Conviction Counsel Act, and the provisions of Rule 22 of the Mississippi Rules of Appellate Procedure.

The State of Mississippi appears to contend that the mere passage of Mississippi Capital Post–Conviction Counsel Act and

the promulgation of subsections (d) and (2) to Rule 22 entitle it to avail itself of the opt-in structure of the AEDPA. This contention is incorrect. The state of Mississippi should have offered proof of some kind that it actually complied with § 2261(a), (b) & (c). It did not. Accordingly, the Court finds that the State of Mississippi has not carried its burden to prove that it is qualified to avail itself of the opt-in structure of the AEDPA, and Respondents request for such must be denied.

Because Mississippi will not be allowed to take advantage of the opt-in structure, a one year limitations period applies in this case. The parties agree that under the applicable one year limitations period, Grayson must file his Petition for Habeas Corpus Relief on or before Monday, April 25, 2005. The Court finds that filing the Petition by that date is reasonable under the circumstances. Accordingly, the Court further finds that Grayson must file his Petition for Habeas Corpus Relief no later than **Monday, April 25, 2005,** after which the State of Mississippi must respond to the Petition by **Monday, June 20, 2005.** Grayson must file a Rebuttal, if at all, by **Monday, July 18, 2005.**

Grayson has also moved this Court to proceed *in forma pauperis.* The Court finds that the Motion to Proceed *In Forma Pauperis* is well taken and should be granted.

### III. Conclusion

IT IS THEREFORE ORDERED that Petitioner Blayde Grayson's Motion for Appointment of Counsel [1–1] is hereby granted. The Court hereby appoints Teresa L. Norris as lead counsel, and Michael Adelman as her co-counsel.

IT IS FURTHER ORDERED that Grayson's Motion to Proceed *In Forma Pauperis* [2–1] is hereby granted.

IT IS FURTHER ORDERED that Grayson must file his Petition for Habeas Corpus Relief no later than **Monday, April 25, 2005,** after which the State of Mississippi must respond to the Petition by **Monday, June 20, 2005.** Grayson must file his Rebuttal, if at all, by **Monday, July 18, 2005.**