## IN RE BERGER

No. ——.   Decided January 14, 1991

Per Curiam.

Petitioner Vivian Berger, appointed to represent a capital defendant in proceedings before this Court pursuant to this

Court's Rule 39.7,* has filed a motion requesting compensation for such services well in excess of the statutory maximum of $2,500 permitted under present practice by the Criminal Justice Act of 1964 (CJA), 18 U. S. C. § 3006A(d)(2). Although it has been the practice of this Court to adhere to the limits of § 3006A(d)(2), petitioner argues that this statutory cap for capital cases recently has been lifted by a provision of the Anti-Drug Abuse Amendments Act of 1988, 102 Stat. 4312, 21 U. S. C. § 801 *et seq.*, which permits the Court to award compensation in an amount "reasonably necessary" to ensure competent representation. § 848(q)(10).

The relevant statutory language is this:

> "Notwithstanding the rates and maximum limits generally applicable to criminal cases and any other provision of law to the contrary, the court shall fix the compensation to be paid to attorneys appointed under this subsection and the fees and expenses to be paid for investigative, expert, and other reasonably necessary services authorized under paragraph (9), at such rates or amounts as the court determines to be reasonably necessary to carry out the requirements of paragraphs (4) through (9)."

The language of this section by its terms authorizes federal courts to compensate attorneys appointed to represent capital defendants under the CJA in an amount exceeding the $2,500 limit of 18 U. S. C. § 3006A(d)(2). Guidelines developed by the Judicial Conference to assist courts in interpreting and applying the mandate of § 848(q) support this interpretation. 7 Guidelines for Administration of Criminal Justice Act (Apr. 1990). Section 6.02(A) of the Guidelines, entitled "Inapplicability of CJA Hourly Rates and Compensation Maximums," provides that counsel "shall be compensated at a rate and in an amount determined exclusively by

---

*Berger was appointed to represent Robyn Leroy Parks in this Court. See *Saffle* v. *Parks*, 494 U. S. 484 (1990).

the presiding judicial officer to be reasonably necessary to obtain qualified counsel to represent the defendant, without regard to CJA hourly rates or compensation maximums." Section 6.02(B) recommends that counsel be compensated "at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." That section also recommends that courts "limit the hourly rate for attorney compensation in federal capital prosecutions and in death penalty federal habeas corpus proceedings between $75 and $125 per hour for in-court and out-of-court time." *Ibid.*

We adopt this general approach, and therefore turn to the question of what level of compensation is "reasonably necessary" to ensure that capital defendants receive competent representation in proceedings before this Court. Our Rules provide that "[i]n a case in which certiorari has been granted or jurisdiction has been noted or postponed, this Court may appoint counsel to represent a party financially unable to afford an attorney to the extent authorized by the Criminal Justice Act of 1964, as amended, 18 U. S. C. § 3006A." Rule 39.7. It has been our practice to award appointed counsel in both capital and noncapital cases the amount of compensation requested, up to the $2,500 cap of § 3006A(d)(2). We note that this practice has served both the Court and the parties well. Under existing practice, the level of representation by appointed counsel in capital cases has almost invariably been of high quality and the administrative ease by which requests for fees are disposed of under the bright-line rule of § 3006A(d)(2) assists in conserving the limited resources of the institution.

It could be reasonably argued, on the basis of our practice to date, that there is no need to award attorney's fees in an amount greater than the $2,500 cap in order to induce capable counsel to represent capital defendants in this Court. But we think this argument is outweighed by the possibility that the cap of $2,500 may, at the margins, deter otherwise

willing and qualified attorneys from offering their services to represent indigent capital defendants. Given the rising costs of practicing law today, we believe that appointed counsel in capital cases should be able to receive compensation in an amount not to exceed $5,000, twice the limit permitted under our past practice. We decline to accept petitioner's request that we adopt an individual case-by-case approach to counsel fees. Such an inquiry is time consuming, its result necessarily imprecise, and it would lead us into an area in which we have little experience. It would not be a wise expenditure of this Court's limited time and resources to deal with fee applications such as those of petitioner on an individualized basis.

We therefore grant the motion of petitioner Vivian Berger for fees in the amount of $5,000.

*It is so ordered.*