Steven Douglas HILL; Mark
S. Cambiano, Plaintiffs–
Appellants,

v.

A.L. LOCKHART, Defendant–Appellee.

No. 92–2349.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 17, 1993.

Decided May 5, 1993.

Mark S. Cambiano, Morrilton, AR, argued, for plaintiffs-appellants.

Jack Gillean, Little Rock, AR, argued, for defendant-appellee.

Before McMILLIAN, MAGILL, and LOKEN, Circuit Judges.

LOKEN, Circuit Judge.

On March 30, 1992, the district court[1] dissolved a stay of Steven Douglas Hill's execution after the denial of his petition for federal habeas corpus relief. On April 21, Hill filed a second habeas petition with a request that a new attorney, Mark S. Cambiano, be appointed to represent the indigent Hill. On May 1, the district court appointed Cambiano, specifically stating that the appointment was effective April 21. Hill's second habeas petition was summarily denied, and he was executed by the State of Arkansas on May 7, 1992. Cambiano then requested an award of attorney's fees and expenses in the amount of $25,207.93. The district court awarded $4,491.99, and Cambiano appeals. We affirm.

The Anti–Drug Abuse Amendments Act of 1988 permits the award of increased attorneys fees and expenses in federal capital cases. Pub.L. 100–690, Title VII, § 7001, 102 Stat. 4387, 4393–94, codified at 21 U.S.C. § 848(q). The statute expressly applies to attorneys, such as Cambiano, appointed to represent petitioners seeking federal habeas relief from a state-imposed death sentence. § 848(q)(4)(B). Attorneys governed by § 848(q) are to be compensated at a rate and in an amount that is " 'reasonably necessary' to ensure competent representation."[2] In re Berger, 498 U.S. 233, 235, 111 S.Ct. 628, 629, 112 L.Ed.2d 710 (1991). See § 848(q)(10); § 602(A) of the Judicial Conference's Guidelines for Administration of Criminal Justice Act (Apr. 1990).

In Berger, the Supreme Court approved the general approach of the Judicial Conference Guidelines, placed a limit of $5,000 on compensation to be paid for services before that Court, and stated that it will not conduct a case-by-case review of counsel fee requests under § 848(q)(10). On the other hand, for services rendered by appointed counsel in capital cases before this court, we have continued to approve compensation requests under § 848(q) on a case-by-case basis. See Simmons v. Lockhart, 931 F.2d 1226, 1232–33 (8th Cir.1991). For services performed in the district courts, those courts are best able to determine what fee awards are reasonably necessary to ensure that capital defendants receive competent representation. Because of disparities in the markets for legal services throughout the circuit, we conclude that it would frustrate the congressional purpose if we either imposed uniform circuit compensation standards or readily substituted our judgment for that of the district court. The "reasonably necessary" determination under § 848(q)(10) is best left to the district courts' discretion. See, e.g., H.J. Inc. v. Flygt Corp., 925 F.2d 257, 259–60 (8th Cir.1991); Lucero v. City of Trinidad, 815 F.2d 1384, 1386 (10th Cir.1987).

The district court reduced Cambiano's requested hourly rate of compensation from $150 to $85; denied compensation for all services prior to April 21, the effective date of his appointment; denied fees and expenses for services rendered after April 21 in seeking clemency from Arkansas officials; and denied fees and expenses for time spent on issues that the court concluded were not proper subjects for a federal habeas corpus proceeding. We will not disturb the district court's decision to award fees at $85 per hour, a rate within the Judicial Conference Guidelines range of $75 to $125 per hour. Because other appointed counsel had effectively represented Hill throughout his initial federal habeas proceeding, the district court was well within its discretion in limiting Cambiano's compensation to work performed after his effective date of appointment, and in excluding work on issues that were not proper subjects for federal habeas relief.

---

1. The HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas.

2. Previously, attorneys appointed in death cases were subject to a $2500 statutory fee maximum under the Criminal Justice Act of 1964, 18 U.S.C. § 3006A(d)(2).

■ Cambiano argues that the district court erred in denying compensation for his services in assisting Hill's request for clemency from the state. This raises an issue of law. The statute expressly provides that, "each attorney so appointed shall represent the defendant ... in such ... proceedings for executive or other clemency as may be available to the defendant," § 848(q)(8), and that attorneys are entitled to compensation for services "reasonably necessary to carry out the requirements of paragraphs (4) through (9)," § 848(q)(10). Given these statutory directives, it is not enough to deny compensation, as the district court did, because the clemency proceeding was "not relevant in any way to the habeas petition." The issue is more complex than that.

The Eleventh Circuit faced a similar issue in *In re Lindsey*, 875 F.2d 1502 (11th Cir. 1989), in which appointed counsel seeking federal habeas relief for unexhausted claims argued that § 848(q)(8) authorized compensation for the pursuit of relief in state court. The court first rejected that contention because the failure to exhaust meant that no compensation-authorizing proceeding had yet been initiated under § 848(q)(4)(B). Alternatively, the court held that the references to judicial, competency, and clemency proceedings in § 848(q)(8) do not encompass "any proceedings convened under the authority of a State." The court explained:

> Acceptance of Lindsey's view of a state prisoner's rights under subsection 848(q)[ (8) ] would have the practical effect of supplanting state-court systems for the appointment of counsel in collateral review cases.... Like Lindsey, other state inmates ... would ignore the exhaustion requirement and, before seeking state remedies, futilely file for federal habeas relief. Only after procuring a federally appointed lawyer would state inmates have an incentive to set upon the right track in pursuit of state remedies. If Congress had intended so novel a result, we think it

would have stated so in unmistakable terms....

875 F.2d at 1506–07.

We agree with *Lindsey*'s analysis in cases of unexhausted claims, where comity mandates that state judicial proceedings precede the seeking of federal habeas relief. The issue is far less clear, however, in cases involving state competency and clemency proceedings, which frequently are not commenced until state *and* federal postconviction relief have been denied and an execution date has been set. The plain language of § 848(q) evidences a congressional intent to insure that indigent state petitioners receive "reasonably necessary" competency and clemency services from appointed, compensated counsel.

■ On the other hand, we agree with the Eleventh Circuit that Congress did not intend to encourage futile federal habeas petitions filed only to obtain attorney compensation for state proceedings. A state that has elected to impose the death penalty should provide adequate funding for the procedures it has adopted to properly implement that penalty.[3] Therefore, before services performed in a state competency or clemency proceeding can be considered reasonably necessary under § 848(q)(10), the district court must be satisfied, first, that the request is made as part of a non-frivolous federal habeas corpus proceeding, and second, that state law provides no avenue to obtain compensation for these services. In addition, in most if not all cases, a § 848(q)(10) request for compensation for such state proceedings should be made prior to performing the services.

In this case, Cambiano's request satisfies none of these criteria. His successive federal habeas petition was summarily denied. He made no showing that Arkansas will not compensate appointed counsel who provide assistance in seeking clemency. And he failed to obtain prior approval of the district court to perform these services under § 848(q)(8); indeed, Cambiano's request stated that he spent 86.3 hours, working primarily on state

---

3. At oral argument, the Arkansas Attorney General, appearing on behalf of Lockhart as a nominal appellee, agreed that a clemency proceeding with the assistance of counsel is essential in every Arkansas death penalty case.

law issues and proceedings, before his successive habeas petition was even filed. In these circumstances, the request for compensation for services performed in state clemency proceedings was properly denied.

The order of the district court is affirmed.