United States Court of Appeals,

Fifth Circuit.

No. 94-10297.

Gary STERLING, Petitioner-Appellant,

v.

Wayne SCOTT, Director, Texas Department of Criminal Justice, Institutional Division, Respondent-Appellee.

July 1, 1994.

Appeal from the United States District Court for the Northern District of Texas.

Before JOLLY, DUHÉ, and BARKSDALE, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

The basic question presented in this appeal is whether this death-row inmate may tap federal funds to pay his counsel to exhaust his habeas claims in state court.

Here, the federal district court dismissed the petitioning inmate's habeas corpus action for failure to exhaust state remedies and denied his application for a certificate of probable cause ("CPC"). Sterling asks this court for CPC on his habeas claims and an order holding his federal appeal in abeyance so that he may use federally funded counsel for the exhaustion of his state postconviction remedies. Because we hold that Sterling has not exhausted his postconviction claims, we deny CPC. Further, because we hold that the petitioner has no statutory right to federally funded counsel for exhausting postconviction claims in state court, we deny his request for an order holding this federal appeal in abeyance.

1

## I

A Texas jury, based in part on the defendant's confession, convicted Gary Sterling of murdering his robbery victim by bashing his head with a bumper jack. *Sterling v. State,* 830 S.W.2d 114, 116 (Tex.Crim.App.1992), *cert. denied,* --- U.S. ----, 113 S.Ct. 816, 121 L.Ed.2d 688 (1992). The Texas jury, based in part upon evidence of Sterling's other murders and the testimony of a district attorney that he had never "run across ... a more violent mass murderer than Gary Sterling," sentenced the defendant to death. *Id.* at 120.

## II

In an effort to overturn his conviction and capital sentence, Sterling filed a motion for stay of execution and for appointment of counsel in federal district court on January 22, 1993—a few days before his scheduled execution date. After the magistrate judge appointed counsel for Sterling, Sterling filed an amended habeas petition asserting thirty-nine grounds for relief. Only five of those grounds had been dealt with previously by Texas courts. The State filed a motion with the district court to dismiss Sterling's federal habeas petition for failure to exhaust state remedies. Sterling argued that the federal habeas proceedings should be held in abeyance so that he could enjoy his federal right to counsel under 21 U.S.C. § 848(q)(4)(B) while exhausting his state remedies. The district court, agreeing with the magistrate judge, dismissed Sterling's habeas petition for failure to exhaust state remedies and denied Sterling's application for CPC.

III

Sterling comes before this court with an application for CPC from the district court's denial of his federal habeas petition. We have no jurisdiction to hear an appeal from denial of habeas relief unless we grant CPC. *Black v. Collins,* 962 F.2d 394, 398 (5th Cir.), *cert. denied,* --- U.S. ----, 112 S.Ct. 2983, 119 L.Ed.2d 601 (1992). To obtain CPC, Sterling must make a substantial showing that he has been denied a federal right. *Barefoot v. Estelle,* 463 U.S. 880, 893, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983). A fundamental prerequisite to federal habeas relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b) prior to requesting federal collateral relief. *See Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982) (requiring dismissal of habeas action containing both exhausted and unexhausted claims). Because Sterling has failed to exhaust his postconviction claims in state court, he has asserted no cognizable right to federal habeas relief under § 2254. Consequently, we deny his application for CPC.

Sterling also argues that the district court's dismissal of his habeas petition was inappropriate because it deprives him of his statutory right, under 21 U.S.C. § 848(q)(4)(B), to retain his federally funded counsel in his state postconviction proceedings.[1]

_____

[1]We note that although a CPC is required for appellate review of the denial of habeas relief, no such requirement exists for appellate review of the denial of appointment of counsel under § 848(q)(4)(B). *Barnard v. Collins,* 13 F.3d 871, 878 n. 6 (5th Cir.1994). The same rule should apply to the retention of such counsel.

3

Because Sterling apparently recognizes that absent a § 2254 proceeding he is not entitled to federally provided counsel under § 848(q)(4)(B), he is effectively asking this court to order a stay of the federal habeas proceeding in the district court to allow him to use federally funded counsel to exhaust his state remedies. Sterling argues that § 848(q) obligates the federal government to appoint and fund counsel in this federal habeas proceeding, and that this counsel should represent him in all future state and federal proceedings.[2]  We disagree.

In pertinent part, § 848(q)(4)(B) provides:

In any post conviction proceeding under section 2254 or 2255 of Title 28, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation ... shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with paragraph [ ] ... (8)....

Section 848(q)(8), in turn, provides in pertinent part:

[E]ach attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings, including ... all available postconviction process, ... competency proceedings and proceedings for executive or other clemency....[3]

The Eleventh and Eighth Circuits have both held that the above language does not require the federal government to pay for counsel for the exhaustion of postconviction claims in state court. *In re Lindsey,* 875 F.2d 1502, 1505-07 (11th Cir.1989); *Hill v. Lockhart,*

---

[2]We note that in *Murray v. Giarratano,* 492 U.S. 1, 109 S.Ct. 2765, 106 L.Ed.2d 1 (1989), the Supreme Court held that prisoners have no constitutional right to counsel in habeas proceedings. Accordingly, our task is confined to statutory interpretation.

[3]21 U.S.C. § 848(q)(10) authorizes the payment of fees to attorneys appointed under § 848(q)(4)(B).

992 F.2d 801, 803 (8th Cir.1993). The Eleventh Circuit emphasized that while section 848 is triggered by "any post conviction proceeding under section 2254," § 2254(b) precludes § 2254 relief until the petitioner exhausts all state remedies. *Lindsey,* 875 F.2d at 1506. We agree with the following statutory interpretation of the *Lindsey* Court:

> The words "proceeding under section 2254" must be read to comprehend all of section 2254—especially the exhaustion requirement of subsection 2254(b).... [Because of his failure to exhaust, the petitioner] has not yet initiated a "proceeding under section 2254" as that term is used in subsection 848(q)(4)(B) and ..., consequently, his right[ ] to the assistance of a federally appointed lawyer ... under 21 U.S.C. § 848(q) [has] not attached.

*Id.*

We further agree with the policy arguments of the *Lindsey* Court. The court reasoned:

> Acceptance of [the petitioner's] view of a state prisoner's rights under subsection 848(q) would have the practical effect of supplanting state-court systems for the appointment of counsel in collateral review cases. Adherence to petitioner's view would encourage state prisoners to ignore, as [the petitioner] has here, the proper sequence, developed from concerns for federalism, for seeking collateral relief from state-court judgments in death-penalty cases. Like [the petitioner], other state inmates, for no reason other than to gain the assistance of federally appointed counsel ... throughout all stages of collateral review (both state and federal), would ignore the exhaustion requirement and, before seeking state remedies, futilely file for federal habeas relief. Only after procuring a federally appointed lawyer would state inmates have an incentive to set upon the right track in pursuit of state remedies. If Congress had intended so novel a result, we think it would have stated so in unmistakable terms....

*Lindsey,* 875 F.2d at 1506-07.[4]

---

[4]*See Hill,* 992 F.2d at 803 ("We agree with *Lindsey's* analysis in cases of unexhausted claims, where comity mandates that state judicial proceedings precede the seeking of federal

5

In short, Sterling must exhaust his state remedies pursuant to § 2254(b) before he can seek federally appointed and paid counsel under § 848(q)(4)(B).[5]

                                    IV

For the reasons stated above, Sterling's application for CPC and his request for an order holding his appeal in abeyance pending exhaustion of state remedies are

DENIED.

_____

habeas relief.")

[5]Unlike the Eighth Circuit in *Hill,* 992 F.2d at 803, we do not address the question of whether 21 U.S.C. § 848(q) requires the federal government to pay for counsel to represent a state prisoner in a postconviction proceeding for clemency before a state executive or in a competency proceeding in state court after remand for fact-finding by a federal court.