**Tommy D. STRICKLER, Petitioner,**

v.

**Fred GREENE, Warden, Respondent.**

**No. 3:95CV924.**

United States District Court,
E.D. Virginia,
Richmond Division.

July 7, 1999.

---

314

Barbara L. Hartung, Richmond, Virginia, for petitioner.

Pamela A. Rumpz, Office of the Attorney General, Richmond, Virginia, for respondent.

## MEMORANDUM OPINION

PAYNE, District Judge.

The Petitioner, Tommy D. Strickler, was convicted by a jury of the capital murder of Leann Whitlock, robbery and abduction. He was sentenced to death on the capital murder conviction and to life sentences on the convictions of robbery and abduction. His convictions and sentences were affirmed on direct appeal by the Supreme Court of Virginia and a petition for a writ of certiorari was denied by the Supreme Court of the United States.

Following an unsuccessful petition for a writ of habeas corpus in the state court, Strickler filed a petition for a writ of habeas corpus in this Court. After an evidentiary hearing, the Court granted summary judgment for Strickler and vacated the convictions and sentences.[1] The United States Court of Appeals reversed the judgment entered by the district court.

On September 1, 1998, Strickler filed a petition for a writ of certiorari with the Supreme Court of the United States seeking a review of the decision of the Court of Appeals and a stay of execution. The Supreme Court granted the stay of execution and the petition for a writ of certiorari. The Supreme Court affirmed the decision of the Fourth Circuit and an execution date has been set for July 21, 1999.

While and after the federal proceedings were pending in the Court of Appeals and before the petition for a writ of certiorari was granted by the Supreme Court, Strickler's appointed counsel, Barbara Hartung, filed a petition for clemency with the Governor of Virginia. The petition was not acted upon because the Supreme Court of the United States accepted the case for review and granted the stay of execution.

Thereafter, Ms. Hartung applied to this Court for the payment of fees for services rendered in the preparation of the clemency petition, citing as authority for payment thereof 21 U.S.C. § 848(q)(4)(8).[2] By Order entered May 4, 1999, the Respondent was directed to advise whether the law of Virginia provides compensation for services rendered in connection with clemency applications. The Respondent complied with that Order on May 14, 1999, advising that Virginia law provides no compensation for services rendered in connection with clemency applications.

Also, the Respondent asserted that the application of Strickler's counsel for compensation by this Court for representation in the state clemency proceeding should be denied. Surprised by this unsolicited injection into the fee application process. Ms. Hartung filed a submission in further

1. The decision was issued by the Honorable Robert R. Merhige, Jr., then a judge of this Court who has since retired.

2. Ms. Hartung also cited 18 U.S.C. § 3006(A)(d)(5) which is the general authority for payment of counsel fees. There is no dispute that this Court is vested with authority to appoint and pay counsel fees. Hence, that statute will not be further considered.

support of the fee application, but she did not serve a copy of it on counsel for the Respondent. The Court, however, has directed the Clerk of Court to send a copy of the supplemental submission to counsel for the Respondent and the matter is now ripe for decision.

## DISCUSSION

Ms. Hartung has objected that the Respondent has no standing to object to the payment of her fees. The Respondent has not articulated the interest which, in his view, provides standing to make the objection to the application for federally funded fees by Petitioner's counsel. Moreover, it is disquieting that the Commonwealth, which provides no means of compensating counsel for their work in respect of clemency petitions and which consistently urges the federal courts in this district to leave state prisoners sentenced to death to the sole recourse of the Commonwealth's clemency proceedings, would permit its zeal to reach so far as to object to payment of counsel for such services from the federal coffers. However, it is unnecessary to decide the objection to the standing of the Commonwealth to object to these payments because of the disposition of the application for fees.

### A. The Fee Application

Strickler's post-conviction federal habeas corpus proceeding was filed pursuant to 28 U.S.C. § 2254, seeking to vacate the death sentence imposed upon him in the state proceedings. Consequently, according to 21 U.S.C. § 848(q)(4)(3), Strickler, who is financially unable to obtain adequate representation is "entitled to the appointment of one or more attorneys and

the furnishing of other services in accord with paragraphs (5), (6), (7), (8) and (9)" of Section 848(q).

In pertinent part, subsection (8) requires that Ms. Hartung represent Strickler throughout:

> All available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and in such ... proceedings for executive or other clemency as may be available to the defendant.

21 U.S.C. § 848(q)(8). The Commonwealth opposes the application for fees in Strickler's clemency proceedings principally for the reason that the phrase "proceedings for executive or other clemency," within the meaning of Section 848(q)(8) should be construed to mean only federal clemency proceedings.[3] For several reasons, the Commonwealth's objection (even if it has standing to present one) is not well-taken and the application for fees will be granted.

First, the statute does not textually confine compensation to federal clemency proceedings. Instead, the statutory text authorizes compensation for representation in "proceedings for executive or other *clemency as may be available* to the defendant." (emphasis added). The only clemency proceedings available to petitioners under 28 U.S.C. § 2254 are those offered by the state. Thus, by entitling petitioners under 28 U.S.C. § 2254 to attorneys and such other services as are available under subsection (8), Congress created in Petitioner an entitlement to paid counsel in connection with the proceedings for which Congress provided compensation when it enacted Section 848(q)(4)(B).[4]

---

**3.** The Commonwealth also argues that fees for clemency cannot be paid here because they are not payable in the proceedings before the United States Court of Appeals for the Fourth Circuit. The Commonwealth cites no authority for its assertion respecting the policy of the Court of Appeals. However, the policy of the Court of Appeals is not pertinent because the appointment here at issue was made by the district court pursuant to 21

U.S.C. § 848(q)(4)(B) and (8) and it is the statute, not the policy of the Court of Appeals respecting cases before it, which govern the issue of compensation of counsel appointed by this Court.

**4.** That provision of the statute provides in pertinent part that: "[i]n any post-conviction proceeding under Section 2254 ... seeking to vacate ... a death sentence, any defendant

Second, federal habeas corpus jurisprudence, as developed over the past decade by the Supreme Court of the United States, has emphasized heavily the availability of state clemency proceedings to afford relief where the necessary limits on the federal habeas corpus remedy foreclose its use, even in cases presenting compelling circumstances of actual innocence. Moreover, the reality of federal habeas corpus litigation involving state imposed death sentences is, at least in this jurisdiction, that clemency proceedings generally proceed apace with the latter stages of the federal habeas proceedings for which counsel are appointed under Section 848(q)(8). Against this background, of which Congress no doubt was aware when it enacted the statute, it is logical to construe the words of Congress ("in such proceedings for execution or other clemency as may be available to the defendant") to include state clemency proceedings.[5]

Finally, the better-reasoned appellate decision on this topic illustrates why the construction of the statute urged by the Commonwealth is not appropriate. *Hill v. Lockhart,* 992 F.2d 801 (8th Cir.1993). To fully understand the decision in *Lockhart,* it is necessary to review briefly the only other decision related to the issue, *In re Lindsey,* 875 F.2d 1502 (11th Cir.1989), because the key passages in, and the holding of, *Lockhart* use *Lindsey* as a point of departure.

In *Lindsey,* the Eleventh Circuit was confronted with a petition for a writ of mandamus to require the district court to appoint, under § 848(q)(8) "a lawyer [with three years experience in felony appeals] and expert to assist in his pursuit of state-court remedies for his *Ford [v. Wainwright* ] [execution of an incompetent per-

son violates the Eighth Amendment] claim." *Lindsey,* 875 F.2d at 1505. The Eleventh Circuit held that "[a]cceptance of Lindsey's view of a state prisoner's rights under subsection 848(q) would have the practical effect of supplanting state-court systems for the appointment of counsel in collateral review cases." *Id.* at 1506. Further, the court apprehended that the interpretation urged by *Lindsey* would encourage state prisoners to ignore the exhaustion requirement of federal habeas corpus jurisprudence and convert the state courts into a procedural hurdle to federal relief. *Id.* Both concerns were, on the facts before the Eleventh Circuit, well-founded.

Thus, confronted with a state prisoner who still had state judicial relief available (notwithstanding an already lengthy sojourn through state and federal courts), the Eleventh Circuit declined to construe Section 848(q)(8) to warrant a federally paid lawyer and psychiatric expert to pursue the issue of competency [the *Ford v. Wainwright* issue] in state court. The Eleventh Circuit construed Lindsey's appeal also to have included a request that his existing counsel be instructed "regarding the scope of their appointments and their responsibilities with respect to state competency *and clemency* proceedings." *Lindsey,* 875 F.2d at 1504 (emphasis added). The Eleventh Circuit denied that request and the petition for mandamus and, in so doing, broadly articulated that:

> *We cannot agree that* the terms "subsequent stage[s] of available judicial proceedings" and "competency proceedings and proceedings for executive or other clemency," as used in subsection 848(q)(8), *encompass* within their mean-

---

who is ... financially unable to obtain adequate representation ... shall be entitled to the appointment of any one or more attorneys ... in accordance with paragraphs ... (8), and (9)." Of course, in subsection (q)(10)(A), Congress specified compensation for counsel appointed under subsection (q) of Section 848.

**5.** Section 848(q)(8) uses the term "defendant," rather than "petitioner" to describe the person entitled to the service of counsel. That is a distinction without a difference because Congress made Section 848(q) applicable in federal habeas proceedings where the State defendant is referred to as the petitioner.

ings *any proceedings convened under the authority of a State.*

*In re Lindsey,* 875 F.2d at 1506 (emphasis added).

That broad pronouncement must be assessed in perspective of the fact that, at the time, Lindsey had not exhausted all his state remedies and was attempting to secure federally funded counsel and a psychiatrist to develop unexhausted claims in the state court. Indeed, immediately following the above-quoted language, the Eleventh Circuit held that:

> [U]nless and until he returns to federal court with a petition for habeas corpus setting forth only claims for which he has exhausted all state remedies, Lindsey has no entitlement under 21 U.S.C. § 848(q)(8) to a federally-appointed lawyer or to a federally-appointed psychiatrist.

*Id.* Thus, viewed in perspective of its far different facts, *Lindsey* is not applicable here.

The facts of Strickler's case are like those in *Lockhart* where the Eighth Circuit explained:

> We agree with *Lindsey*'s analysis in cases of unexhausted claims, where comity mandates that state judicial proceedings precede the seeking of federal habeas relief. The issue is far less clear, however, in cases involving state competency and clemency proceedings, which frequently are not commenced until state and federal post-conviction relief have been denied and an execution date has been set. The plain language of § 848(q) evidences a congressional intent to ensure that indigent state prisoners receive 'reasonably necessary' competency and clemency services from appointed, compensated counsel.

*Hill v. Lockhart,* 992 F.2d at 803.

Like the Eleventh Circuit in *Lindsey,* the Eighth Circuit in *Lockhart* was concerned that Congress did not intend to encourage futile federal habeas petitions filed solely for the purpose of obtaining attorney compensation for state judicial proceedings. However, the court also was mindful of the expressed intent of Congress to afford petitioner's counsel in state clemency proceedings. To address the tension between those two problems, the Eighth Circuit held that:

> A state that has elected to impose the death penalty should provide adequate funding for the procedures it has adopted to properly implement that penalty. Therefore, before service is performed in a state competency or clemency proceeding can be considered reasonably necessary under § 848(q)(10), the district court must be satisfied, first, that the request is made as a part of a non-frivolous federal habeas corpus proceeding, and second, that state law provides no avenue to obtain compensation for these services.

*Id.* That analysis strikes the proper balance between the federal and state roles in these matters given the plain language of the statute and the intent of Congress as described in *Lockhart.*

In Strickler's case, there is clearly a non-frivolous federal habeas corpus proceeding because the Supreme Court of the United States granted a writ of certiorari. State law provides no avenue for compensation for clemency proceedings. Hence, to effectuate the language and intent of Congress in enacting Sections 848(q)(4)(A) and (8), Strickler's counsel is entitled to federal compensation for representing him in the state clemency proceedings.

█ Finally, *Lockhart* emphasizes that, in most cases, the request for compensation should be made before the services are rendered. That approach is not required by the statute, but it is a sound one. However, under the circumstances, it would not be appropriate to apply that rule before announcing an intent to do so. Hence, the Court will entertain the application for fees on this occasion, notwithstanding the absence of previous approval. Any future services in pursuit of clemency

will be uncompensated unless previous approval is secured.

## CONCLUSION

For the foregoing reasons, the application for fees is granted conditioned upon a showing by counsel that the fees claimed were reasonably incurred. That will require a detailed explanation of the need for the particular services performed and an explanation of why the rather substantial time devoted to them was reasonable given counsel's previous involvement in this action. Because that showing likely will require disclosure of attorney-work product, it may be submitted *in camera*.

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record by facsimile and mail.

It is so ORDERED.