Tony Neyshea CHAMBERS, Petitioner,

v.

Gary L. JOHNSON, Director, Texas Department of Criminal Justice, Institutional Division, Respondent.

No. CIV. A. 4:98cv097.

United States District Court,
E.D. Texas,
Sherman Division.

March 8, 2001.

Helen J. Beardsley, Austin, TX, Mandy Welch, Burr & Welch, Houston, TX, for Plaintiffs.

Delane Taylor Hendrix, Office of Atty. Gen., Habeas Corpus Div., Austin, TX, for Defendant.

## MEMORANDUM OPINION AND ORDER

PAUL N. BROWN, District Judge.

This matter comes before the Court on Petitioner's attorney Helen J. Beardsley's Unopposed Motion to Reconsider Denial of Request for Compensation and Reimbursement of Expenses in Connection with Representation in State Executive Clemency Proceedings, filed on January 30, 2001. The Court, having considered the motion and the applicable law, finds that it is well-taken in part; however, on reconsideration, the Court again denies her claim.

Petitioner was convicted of capital murder and sentenced to death. After exhausting his direct appeals and state post conviction claims, he requested this Court to appoint counsel to represent him in federal *habeas corpus* proceedings. The Court granted his request on April 14, 1998. Beardsley, along with Mandy Welch, represented Petitioner throughout his federal *habeas corpus* proceedings. The petition was denied by the Court on June 29, 1999, and on August 10, 1999, the Court denied his request for a certificate of appealability. Petitioner appealed this decision. On July 27, 2000 the United States Court of Appeals for the Fifth Circuit denied his appeal.

Petitioner then sought clemency from the Texas Board of Pardons and Paroles and the Governor. His petition was denied, and on November 15, 2000, he was executed.

Beardsley sought and received payment of $24,925.30 for representing Petitioner throughout his federal *habeas corpus* proceedings. On November 27, 2000, she filed a voucher seeking $4,209.88 for her fees and costs in representing Petitioner in the state clemency proceedings. On January 22, 2001, the Court denied her request. Finding that the Fifth Circuit had not yet addressed whether 21 U.S.C. § 848 provided for compensating and reimbursing counsel for representing condemned inmates in state clemency proceedings, the Court followed the analysis of the Eighth Circuit in *Hill v. Lockhart*, 992 F.2d 801, 803 (8th Cir.1993). In *Lockhart*, the Eighth Circuit interpreted 21 U.S.C. § 848 as authorizing the federal courts to compensate and reimburse attorneys for representing condemned inmates in state clemency proceedings when three conditions are met:

1. The federal *habeas corpus* petition is not frivolous;

2. The State does not compensate attorneys for representing condemned inmates in state clemency proceedings; and,

3. The attorney seeks approval from the federal court prior to filing the state clemency petition.

*Id.* The Court found that Beardsley met the first two conditions, but not the third, and denied her claim. Her current motion to reconsider this denial relies on *Strickler v. Greene*, 57 F.Supp.2d 313, 317 (E.D.Va. 1999). In *Strickler*, the Eastern District of Virginia adopted the three elements set forth in *Lockhart*, but with the following *caveat:*

[Although] in most cases, the request for compensation should be made before the

services are rendered ... it would not be appropriate to apply that rule before announcing an intent to do so. Hence the Court will entertain the application for fees on this occasion, notwithstanding the absence of previous approval. Any future services in pursuit of clemency will be uncompensated unless previous approval is secured.

*Id.* Beardsley correctly pointed out that neither the Fifth Circuit nor the Eastern District of Texas has announced an intent to require counsel to seek advance authorization for compensation for representing a condemned inmate in state clemency proceedings. She therefore requested the Court to reconsider its denial of her claim.

■■■ While the Federal Rules of Civil Procedure do not explicitly provide for "motions for reconsideration," *Lavespere v. Niagara Machine and Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir.1990), *cert. denied,* 510 U.S. 859, 114 S.Ct. 171, 126 L.Ed.2d 131 (1993), motions to alter or amend orders relating to attorney fees have been analyzed under Fed.R.Civ.P. 59(e). *See, e.g., Jones v. Central Bank,* 161 F.3d 311, 312 (5th Cir.1998). To be granted, rule 59(e) motions "must clearly establish either a manifest error of law or fact or must present newly discovered evidence ..." *Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir.1990).

Beardsley's argument in support of her motion for reconsideration is that the Court's adoption of *Lockhart's* requirement of the prior request for authorization, without adopting *Strickler's* caveat that the requirement be imposed only prospectively, constitutes a manifest error of law.

The Court has undertaken a thorough review of this issue. Having analyzed the language of 21 U.S.C. § 848, and having considered interpretations of that statute by the Eighth, Eleventh and, most importantly, the Fifth Circuit, as well as interpretations by the Eastern District of Virginia and the Eastern District of California, the Court determines that the reasoning in

*Lockhart,* upon which the Court relied in its earlier opinion, is inconsistent with Fifth Circuit precedent. The Court thus finds that its earlier order was based upon a manifest error of law and, upon reconsideration, issues this opinion and order.

■■■ The outcome in this case depends upon how the Court interprets 21 U.S.C. § 848, the applicable statute. In interpreting a statute, the first rule a court must follow is when the language of a statute is clear and unambiguous, it must be applied as written. This is known as the "plain meaning" rule. Only if the statute is found to be ambiguous should a court consider whether congress intended words to have other than their usual familiar meanings. *See generally James v. United States,* 760 F.2d 590, 593 (5th Cir. 1985), *rev'd on other grounds,* 478 U.S. 597, 106 S.Ct. 3116, 92 L.Ed.2d 483 (1986).

■■■ Beardsley's argument assumes the Court will apply the plain meaning rule. 21 U.S.C. § 848(q)(4)(B) provides:

In any post conviction proceeding under section 2254 or 2255 of Title 28, seeking to set vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with paragraphs (5), (6), (7), (8), and (9).

In the present case, Petitioner was proceeding under section 2254 of Title 28, seeking to vacate or set aside a death sentence, and he was financially unable to obtain adequate representation or investigative, expert or other reasonably necessary services. Accordingly, he was entitled under the statute to have Beardsley appointed to represent him.

Paragraph 848 (q)(8) provides:

Unless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, each

attorney so appointed shall represent the defendant through every subsequent stage of available judicial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant.

In the present case, the proceedings for executive clemency available to Chambers were from the State of Texas Board of Pardons and Paroles. Accordingly, Beardsley was required to represent Chambers in those proceedings.

Finally, paragraph 848(q)(10)(A) provides in relevant part: "Compensation shall be paid to attorneys appointed under this subsection ...," while paragraph 848(q)(9) provides for reimbursement for expenses for reasonably necessary services related to representation. Beardsley claims that because the plain meaning of the terms "such competency and clemency proceedings as may be available to the defendant" includes both state and federal clemency proceedings, she is entitled to compensation and reimbursement for representing Petitioner in his state clemency proceedings.

At least two courts have analyzed the statute in the way Beardsley suggests. In *Gordon v. Vasquez*, 859 F.Supp. 413, 418 (E.D.Cal.1994), the court held:

If the meaning of the statute is clear, no further construction is required.... The statute at issue plainly commands federal appointment of attorneys for indigents seeking federal habeas corpus to review a state proceeding resulting in imposition of a sentence of death. It also commands that appointed counsel represent the defendant in all post-petition proceedings without regard to forum.... The statute's plain meaning

concerning the payment of fees without reference to forum is made clear by the congressional directive that federally appointed counsel represent the defendant in competency and clemency matters, see 21 U.S.C. § 848(q)(8). Those proceedings ordinarily occur in state forums after the conclusion of the federal case....

Similarly, in *Strickler v. Greene*, 57 F.Supp.2d 313, 315 (E.D.Va.1999) the court stated:

[T]he statute does not textually confine compensation to federal clemency proceedings. Instead, the statutory text authorizes compensation for representation in "proceedings for executive or other clemency as may be available to the defendant." (Emphasis added). The only clemency proceedings available to petitioners under 28 U.S.C. § 2254 are those offered by the state. Thus, by entitling petitioners under 28 U.S.C. § 2254 to attorneys and such other services as are available under subsection (8), Congress created in Petitioner an entitlement to paid counsel in connection with the proceedings for which Congress provided compensation when it enacted Section 848(q)(4)(B).

The Fifth Circuit, however, rejected a "plain meaning" analysis of 21 U.S.C. § 848. *See Sterling v. Scott*, 57 F.3d 451, 456–58 (5th Cir.1995), *cert. denied*, 516 U.S. 1050, 116 S.Ct. 715, 133 L.Ed.2d 669 (1996). Although the court did not explicitly mention the plain meaning rule, it performed the standard statutory interpretation analysis. First, it determined that the statute was ambiguous as to whether the available proceedings for which counsel were required to represent petitioners were only federal judicial proceedings, or were both state and federal judicial proceedings.

We must acknowledge that a colorable argument can be made that this subsection is broad enough to admit an interpretation that once an attorney is appointed for any purpose, the right to

counsel so appointed does not terminate until either the petitioner is executed or the death sentence is not only set aside to be retried, but is in fact resolved by revocation. On the other hand, considered in context of § 848(q) as a whole, we find more persuasive the argument that § 848(q)(8) must be read in light of § 848(q)(4)(B), which provides that the right to counsel applies only in connection with federal proceedings....

*Id.* at 457. Having determined that the statute was ambiguous, the Fifth Circuit considered the intent of the statute's drafters, determining that Congress intended to authorize appointment of counsel only for federal judicial proceedings:

[W]e are reluctant to say that § 848(q)(8) should be read to express congressional intent for so sweeping an idea that the federal government will pay for attorneys for a state defendant to pursue state remedies in state courts.

*Id.*

The Fifth Circuit then stated that its analysis was "in line" with *In re Lindsey,* 875 F.2d 1502, 1505–06 (11th Cir.1989). *Id.* at 457–58. In *Lindsey,* the Eleventh Circuit also held that 21 U.S.C. § 848(q) did not authorize appointing counsel to represent petitioner in state post conviction proceedings. However, the court in *Lindsey* went further, reaching the precise issue of the present case, and holding that 21 U.S.C. § 848 did not authorize appointing counsel to represent a condemned inmate in state competency or clemency proceedings:

[W]e cannot agree that the terms "subsequent stage[s] of available judicial proceedings" and "competency proceedings and proceedings for executive or other clemency, [as may be available to the defendant]" as used in subsection 848(q)(8), encompass within their meanings any proceedings convened under the authority of a state....

*Id.* The Fifth Circuit's statement that its analysis of 21 U.S.C. § 848(q)(8) is in line with *Lindsey* suggests that, were it presented with the issue in the present case, it would adopt the Eleventh Circuit's holding that as to judicial proceedings, competency hearings and clemency proceedings, the terms "available proceedings" mean only federal proceedings, not both state and federal proceedings.

This prediction is not clear-cut, however, because immediately after stating that its opinion was in line with *Lindsey,* the court added: "*see Hill v. Lockhart,* 992 F.2d 801, 803 (8th Cir.1993) (agreeing with analysis of *In re Lindsey* )." The problem with this statement is that, as to the issue of state court competency and clemency proceedings, the court in *Lockhart* explicitly disagreed with *Lindsey,* stating:

We agree with *Lindsey's* analysis in cases of unexhausted claims, where comity mandates that state judicial proceedings precede the seeking of federal habeas relief. The issue is far less clear, however, in cases involving state competency and clemency proceedings, which frequently are not commenced until state and federal postconviction relief have been denied and an execution date has been set. The plain language of § 848(q) evidences a congressional intent to insure that indigent state prisoners receive "reasonably necessary" competency and clemency services from appointed, compensated counsel.

Because the Fifth Circuit in *Sterling* was not presented with the issue of state clemency proceedings, it did not have occasion to choose between *Lindsey's* and *Lockhart's* contrary interpretations of the statute. In the present case that choice must be made. The Court believes *Lindsey* is the better reasoned decision, and will accordingly follow the Eleventh Circuit's holding.

■ The main problem [1] with the above passage in *Lockhart* is that, in stating that

---

1. A full analysis of the other problems with

the passage is unnecessary to resolving this

it agreed with *Lindsey's* analysis that 21 U.S.C. § 848(q)(8) does not authorize attorneys appointed to represent a petitioner in a 28 U.S.C. § 2254 *habeas corpus* proceeding to go back to state court to exhaust federal post conviction claims, the Eighth Circuit adopted the Eleventh Circuit's view that the terms "available proceedings," in the context of the phrase "each attorney so represented shall represent the defendant through all subsequent stage of available judicial proceedings" mean only federal judicial proceedings, not both state and federal judicial proceedings. In then disagreeing with *Lindsey* and finding that the "plain language" of 21 U.S.C. 848(q) evidences a congressional intent that attorneys represent condemned inmates in both state and federal competency and clemency proceedings, the Eighth Circuit held, in essence, that Congress intended the same words, "available proceedings," in the context of the phrase "shall also represent the defendant in all competency and clemency proceedings as may be available," to include both state and federal competency and clemency proceedings. This interpretation is impermissible, as "under settled canons of statutory construction, we presume that identical terms in the same statute have the same meaning." *United States v. Richards*, 87 F.3d 1152, 1157 (10th Cir.1996), *cert. dism'd*, 519 U.S. 1003, 117 S.Ct. 540, 136 L.Ed.2d 396 (1996), *citing Estate of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 479, 112 S.Ct. 2589, 120 L.Ed.2d 379 (1992).

Because the Court is bound by the Fifth Circuit's determination that Congress intended the terms "available proceedings" to mean, in the context of judicial proceedings, only federal judicial proceedings, and because under settled canons of statutory construction a court must presume that Congress intended that identical terms in a statute have the same meaning, the Court holds that the terms "available pro-

ceedings," in the context of clemency proceedings, means only federal clemency proceedings. Thus, as the Eleventh Circuit in *Lindsey* held, the correct interpretation 21 U.S.C. § 848(q) is that it neither requires that attorneys appointed to represent condemned inmates in 28 U.S.C. § 2254 *habeas corpus* proceedings represent those inmates in state clemency proceedings, nor authorizes compensation if they do. Accordingly, the Court must deny Beardsley's request for compensation and reimbursement for representing Petitioner in his State clemency proceedings.

In summary, to the extent that Beardsley contended in her motion for reconsideration that this Court erred in following the Eighth Circuit's interpretation of 21 U.S.C. § 848(q) in *Lockhart*, she was correct. On reconsideration, however, the Court will not accept her invitation to follow the Eastern District of Virginia's analysis in *Strickler*, because that court's analysis suffers from the same problem as the analysis in *Lockhart*. Instead, the Court will follow the Fifth Circuit's analysis of the statute in *Sterling*, and the Eleventh Circuit's analysis in *Lindsey*, which compels the Court to deny her claim for compensation and reimbursement for representing Petitioner in his State clemency proceedings.

IT IS THEREFORE ORDERED that Beardsley's motion for reconsideration (docket entry # 42) is granted in part, but her request for compensation and reimbursement for representing Petitioner in his State clemency proceedings is again DENIED.

issue, but for the sake of precision the Court is obliged to point out that in justifying its result, the Eighth Circuit also erred in its

interpretation of the terms "reasonably necessary services" by equating the term "services" with "representation."