**Jim LOWERY, Petitioner,**

v.

**Rondle ANDERSON, Superintendent, Respondent.**

**No. IP96–0071–C H/G.**

United States District Court, S.D. Indiana, Indianapolis Division.

April 13, 2001.

Monica Foster, Brent Westerfield, Indianapolis, IN, for Plaintiff.

Robert L. Collins, Deputy Atty. Gen., Indianapolis, IN, for Defendant.

## ENTRY ON PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL FOR STATE CLEMENCY PROCEEDINGS

HAMILTON, District Judge.

Indiana has sentenced petitioner Jim Lowery to death for the murders of Mark and Gertrude Thompson. Lowery's murder convictions and death sentence have been upheld on direct appeal, *Lowery v. State*, 478 N.E.2d 1214 (Ind.1985), on post-conviction review in the state courts, *Lowery v. State*, 640 N.E.2d 1031 (Ind.1994), and in this proceeding for federal habeas review, *Lowery v. Anderson*, 225 F.3d 833 (7th Cir.2000). The Supreme Court of the United States has denied *certiorari* petitions seeking review of each of those decisions. The last denial of *certiorari* occurred on April 2, 2001. On April 6, 2001, the State of Indiana moved before the Supreme Court of Indiana to set an execution date.

Pursuant to 21 U.S.C. § 848(q), this court previously appointed attorneys Monica Foster and Brent Westerfeld to represent Lowery in this federal habeas action. Lowery filed in this court on April 10, 2001, a petition to have the same attorneys appointed to represent him in state clemency proceedings and to have them compensated with federal funds. As the Eighth Circuit recognized in *Hill v. Lockhart*, 992 F.2d 801, 803 (8th Cir.1993), such an appointment is appropriate under the plain language of 21 U.S.C. § 848(q)(4) & (q)(8).

Under 21 U.S.C. § 848(q)(4)(B), an indigent person like Lowery seeking federal habeas relief from a state death sentence "shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with paragraphs (5), (6), (7), (8), and (9)." Under 21 U.S.C. § 848(q)(8), such appointed attorneys shall, unless replaced by others, "represent the defendant throughout every subsequent stage of available judicial proceedings, * * * and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant." In *Hill v. Lockhart*, the Eighth Circuit observed: "The plain language of § 848(q) evidences a congressional intent to insure that indigent state petitioners receive 'reasonably necessary' competency and clemency services from appointed, compensated counsel." 992 F.2d at 803.

The Eighth Circuit in *Hill* affirmed a district court's denial of compensation for an attorney's services in state clemency proceedings, but it did so for reasons that do not apply here. The Eighth Circuit explained that an appointment with respect to competency or clemency proceedings is appropriate only if the court is satisfied both (a) that the request is made as part of a non-frivolous federal habeas corpus proceeding and (b) that state law provides no avenue to obtain compensation for the same services. 992 F.2d at 803. The *Hill* court also noted that, in most cases, counsel seeking compensation for work in clemency proceedings should obtain court approval before the services are performed. *Id.* Because none of those criteria were satisfied in *Hill*, the Eighth Circuit affirmed the denial of compensation for services related to clemency proceedings. *Id.* at 803–04.

Applicable case law is sparse, but one published district court decision has followed the *Hill* approach and another has rejected it. In *Strickler v. Greene*, 57 F.Supp.2d 313, 317–18 (E.D.Va.1999), the Eastern District of Virginia followed the

Eighth Circuit's approach in *Hill.* The *Strickler* court appointed and approved compensation for counsel to pursue clemency under state law. The application had been made after the fact. The *Strickler* court announced, consistent with *Hill,* that future requests for appointment should be made before services are provided. *Id.* at 317–18.

The Eastern District of Texas recently declined to follow the Eighth Circuit's analysis in *Hill* and the decision to compensate clemency counsel in *Strickler v. Greene.* In *Chambers v. Johnson,* 133 F.Supp.2d 931 (E.D.Tex.2001), the district court rejected a request for compensation for services provided in state clemency proceedings. The *Chambers* court held that the reference to "clemency proceedings" in 21 U.S.C. § 848(q)(8) is limited to federal clemency proceedings. The *Chambers* court expressly declined to apply what it recognized as the "plain language" of § 848(q)(8). Instead, the *Chambers* court extended the reasoning of the Fifth Circuit in *Sterling v. Scott,* 57 F.3d 451, 456–58 (5th Cir.1995), in which the Fifth Circuit held that § 848(q) did not authorize federal appointment of attorneys to pursue proceedings in state courts to exhaust issues that could be added to a pending federal habeas action. *Chambers* also relied on the Eleventh Circuit's decision in *In re Lindsey,* 875 F.2d 1502, 1506–07 (11th Cir. 1989), which also held that § 848(q) did not authorize federal appointments to pursue in state courts a new claim for which state remedies had not yet been exhausted.[1]

This court finds the plain language of § 848(q)(8) to be controlling here, consis-

tent with the straightforward and persuasive reasoning of the Eighth Circuit in *Hill.* Under the conditions established in *Hill* (a non-frivolous federal habeas petition and an absence of state means for providing clemency counsel), the entitlement to appointed clemency counsel under § 848(q)(8) cannot reasonably be read so as not to include state clemency proceedings. The entitlement to Section 848(q)(4) has separate subparagraphs for appointment of counsel in federal death penalty prosecution, in (q)(4)(A), and for appointment in both state and federal collateral review proceedings, in (q)(4)(B). Subparagraphs (A) and (B) both provide that the defendant/petitioner "shall be entitled" to additional services in accord with paragraphs (5) through (9), and paragraph (8) plainly applies to clemency proceedings. For a petitioner challenging a death sentence through 28 U.S.C. § 2254, only state clemency proceedings could be relevant. The *Chambers* approach effectively nullifies the plain language of § 848(q) with respect to a petitioner's entitlement to federally-appointed counsel for state clemency proceedings.

Lowery's petition meets all the criteria of the statute and *Hill.* Lowery's federal habeas action was not successful, but it certainly was not frivolous. Lowery has also shown as part of his petition that state law does not provide any avenue to obtain compensation for attorneys' services in a clemency proceeding. Lowery has filed his petition before the attorneys have provided services related to clemency. In addition, unlike the petitioner in another case this court handled, Lowery has indi-

---

1. The problem presented in *Sterling* and *Lindsey*—whether § 848(q) could be used to obtain federal appointment and payment of attorneys to present claims to state courts that had never been exhausted there—is very different from the problem here. In fact, the *Sterling* court recognized that after state court

remedies had been exhausted in that case, the petitioner could refile his federal petition and "then properly invoke his right to federally paid counsel for 'every subsequent stage of available judicial proceedings'—a term we find unnecessary to define further in these proceedings." 57 F.3d at 458.

cated he does in fact wish to pursue clemency with the help of these lawyers. Cf. *Schornhorst v. Anderson,* 77 F.Supp.2d 944, 946–47 (S.D.Ind.1999) (quoting earlier decision denying appointment for clemency counsel where petitioner had not indicated any desire to pursue clemency).

Thus, under federal law, Lowery is entitled to have counsel appointed and compensated for reasonably necessary services relating to the state clemency proceedings. Pursuant to 21 U.S.C. § 848(q)(8) and (q)(10), attorneys Monica Foster and Brent Westerfeld are hereby appointed to provide reasonably necessary services to petitioner Jim Lowery in connection with state clemency proceedings, and they shall be compensated at the rate of $125 per hour for such services as are reasonably necessary and documented as required by law. Especially in light of the attorneys' familiarity with the case, the court anticipates that a maximum of approximately 80 hours of attorney work may be "reasonably necessary" in the clemency proceedings.

So ordered.