**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

**No. 01-10573**
_____

**JACK WADE CLARK,**

**Petitioner,**

**VERSUS**

**GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT**
**OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,**

**Respondent.**

---------------------------------------

**GARY A. TAYLOR,**

**Appellant.**

_____

Appeal from the United States District Court
For the Northern District of Texas, Lubbock
_____

January 2, 2002

Before KING, Chief Judge, and JOLLY and DeMOSS, Circuit Judges.

DeMOSS, Circuit Judge:

The district court granted Gary Taylor's motion to appoint him
to represent Jack Wade Clark, a Texas prisoner who had been
convicted of capital murder in 1991 and sentenced to death. With
Taylor's assistance, Clark filed a 28 U.S.C. § 2254 petition, which

was denied by the district court. Both the district court and this court denied Clark a certificate of appealability to appeal the district court's final judgment. Clark's petition to the Supreme Court for a writ of certiorari was also denied. *Clark v. Johnson*, 531 U.S. 831 (2000). The State of Texas executed Clark on January 9, 2001.

Following Clark's execution, Taylor submitted a CJA[1] voucher to the district court requesting compensation and reimbursement of expenses incurred in connection with a state clemency proceeding brought on Clark's behalf. The district court denied the voucher, adopting the reasoning set forth in *Chambers v. Johnson*, 133 F. Supp. 2d 931 (E.D. Tex. 2001), holding that 21 U.S.C. § 848(q)(8) (relating to the payment of court appointed counsel in death penalty cases) did not authorize compensation for representation in state clemency proceedings.

Taylor filed a timely notice of appeal to this Court.

This Court ordered the parties to address whether a circuit court has appellate jurisdiction to review the district court's order denying reimbursement for activities by appointed counsel relating to state clemency matters. The State has informed the Court that it does not have any interest or role in this appeal and therefore does not intend to file a brief.

---

[1] Criminal Justice Act (CJA).

<u>Appellate Jurisdiction</u>

This Court must consider, *sua sponte* if necessary, whether appellate jurisdiction exists. ***In re Kaiser Aluminum and Chemical Co.***, 214 F.3d 586, 589 (5th Cir. 2000), *cert. denied*, 121 S. Ct. 1354 (2001). As a court of limited jurisdiction, this Court has authority to hear appeals only from "final decisions" under 28 U.S.C. § 1291, interlocutory decisions under 28 U.S.C. § 1292, non-final judgments certified as final under Federal Rule of Civil Procedure 54(b), or some other non-final order or judgment to which an exception applies. ***Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enter., Inc.***, 170 F.3d 536, 538 (5th Cir. 1999).

In general, a district court's order is an appealable final decision if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." ***Coopers & Lybrand v. Livesay***, 437 U.S. 463, 467 (1978) (quoting ***Catlin v. United States***, 324 U.S. 229, 233 (1945)). In addition, the jurisprudential exception known as the collateral-order doctrine permits an appeal of a narrow group of interlocutory orders if the district court's ruling conclusively determines the disputed question, resolves an important issue that is completely separate from the merits, and cannot effectively be reviewed on appeal from a final judgment. ***Cohen v. Beneficial Indus. Loan Corp.***, 337 U.S. 541, 546 (1949); ***United States v. Brown***, 218 F.3d 415, 420 (5th Cir. 2000), *cert. denied*, 531 U.S. 1111 (2001).

At issue here is the district court's ruling that counsel was not entitled to compensation and reimbursement under § 848(q) for expenses incurred in connection with Clark's state clemency proceeding. Whether the court has appellate jurisdiction to consider an appeal from the district court's order denying compensation under § 848(q)(4)(B) is a question of first impression in this Court.

Taylor argues that the district court's order is reviewable as either a final order or as an appealable collateral order. We agree. Attorney fee decisions made at or after a final ruling on the merits are ordinarily appealable. *See* **Companioni v. Barr**, 962 F.2d 461, 463 (5th Cir. 1992); **Shipes v. Trinity Indus., Inc.**, 883 F.2d 339, 344 (5th Cir. 1989) (discussing fees in an EEOC case); **Dardar v. Lafourche Realty Co.**, 849 F.2d 955, 959 (5th Cir. 1988) (discussing fees in an APA case); **Ruiz v. Estelle**, 609 F.2d 118, 119 (5th Cir. 1980) (discussing fees under the Civil Rights Act, 42 U.S.C. § 1988). Taylor concedes that some courts have ruled that a district court's decision to reduce compensation under the CJA are non-appealable administrative decisions. Taylor maintains, however, that this case concerns an interpretation of a federal statute by a federal district judge, not an administrative decision about the appropriate amount of fees for an otherwise authorized activity.

On the other hand, the award of fees under § 848(q) is not dependent upon the outcome of the case. § 848(q)(10). The opposing party (the United States or State) does not receive notice that a fee determination will be made by the judge, and no adversary hearing is required. Nor does § 848(q) expressly provide for appellate review.

The instant order fully and finally disposes of Taylor's request for reimbursement, an issue that is separate from the merits of the federal habeas corpus proceeding. The district court necessarily interpreted the meaning of "proceedings for executive or other clemency" under § 848(q)(8) to exclude state clemency proceedings. Such a decision is qualitatively different from approving or disapproving the amount of expenses reasonably and necessarily incurred by counsel as it definitively determines whether such services are compensable under the Act as a matter of law. We conclude therefore that under either theory this Court has appellate jurisdiction as to the district court's order.

Clemency Proceedings

Taylor argues that the plain language of § 848(q) requires that counsel pursue state clemency proceedings and therefore that the federal court must compensate counsel for this representation.

This Court reviews a district court's interpretation of a federal statute *de novo*. **United States v. Rasco**, 123 F.3d 222, 226 (5th Cir. 1997).

Section 848(q)(4)(B) authorizes the appointment of counsel in any post conviction proceeding under 28 U.S.C. § 2254, seeking to vacate or set aside a death sentence, for any indigent defendant. § 848(q)(4)(B). "[E]ach attorney so appointed shall represent the defendant through every subsequent stage of available judicial proceedings, . . . and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant." § 848(q)(8). Compensation "shall be paid to attorneys appointed under this subsection." § 848(q)(10)(A). Subject to certain amount limitations, fees and expenses paid for reasonably necessary, authorized services are also reimbursable. § 848(q)(10)(B).

Whether the phrase "proceedings for executive or other clemency as may be available" includes state clemency proceedings for which counsel may be compensated is a question of first impression in this Court.

The Eleventh Circuit has held that an inmate under death sentence who has not exhausted all available state remedies is not proceeding under § 2254 so as to be entitled to appointment of attorney under § 848(q). *In re Lindsey*, 875 F.2d 1502, 1506-07 (11th Cir. 1989) (denying mandamus to compel the appointment of

counsel and a psychiatrist). The court explained that "the terms 'subsequent stage[s] of available judicial proceedings' and 'competency proceedings and proceedings for executive or other clemency,' as used in § 848(q)(8), do not encompass within their meanings any proceedings convened under the authority of a State." *Id*. at 1506.

This Court favorably cited **Lindsey** in **Sterling v. Scott**, 57 F.3d 451 (5th Cir. 1995), in which this Court held that an indigent state death row petitioner had no right to appointed and paid counsel under § 848(q)(4)(B) for the purpose of exhausting his state post-conviction claims. *Id*. at 458. The court concluded in **Sterling** that § 848(q)(8), which provides for the continued representation by the appointed attorney throughout "every subsequent stage of available judicial proceedings," did not allow counsel to continue his representation for the purpose of exhausting state remedies in state court. *Id*. at 457. The court read § 848(q)(8) in light of § 848(q)(4)(B), which provides that the right to counsel applies only in connection with federal proceedings. *Id*. The court specifically agreed with **Lindsey** "that allowing the defendant to obtain federally appointed counsel for use in state postconviction habeas proceedings would have the effect of supplanting state-court systems for the appointment of counsel in collateral review cases." *Id*. at 458 (internal quotation and citation omitted).

7

In ***Chambers v. Johnson***, the Eastern District of Texas followed the analysis in ***Sterling*** and ***Lindsey*** in denying counsel's claim for compensation and reimbursement for representing the petitioner in his state clemency proceedings. ***Chambers***, 133 F. Supp. 2d at 935-36. The district court below relied upon ***Chambers*** in denying counsel's claim for compensation and reimbursement.

Taylor argues that ***Chambers*** misapplies ***Sterling*** because clemency proceedings are fundamentally different from state post-conviction proceedings raising unexhausted claims. Taylor notes that clemency proceedings are not "judicial proceedings" and thus "wholly different from state <u>judicial</u> post-conviction proceedings."

As Taylor correctly argues ***Sterling*** does not address the precise question presented here, *i.e.*, whether representation in state clemency proceedings is required and compensable. The ***Sterling*** court's discussion of § 848(q), and its reasons for not reading § 848(q) broadly, are nevertheless instructive. The court has continued to construe § 848(q)(4)(B) narrowly. *See **Cantu-Tzin v. Johnson***, 162 F.3d 295, 298-99 (5th Cir. 1998) (denying petitioner's request for the appointment of counsel under § 848(q)(4)(B) because the § 2254 petition would have been undeniably time-barred). We conclude therefore that the phrase "proceeding for executive or other clemency as may be available to the

8

defendants" as it appears in § 848(q)(8) does not apply to state clemency proceedings. Accordingly, we affirm the Order of the district court.