**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

m 01-10576
_____


ODELL BARNES, JR.,

Petitioner,

VERSUS

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Respondent.

* * * * * * * * * * *

PHILIP ALAN WISCHKAEMPER and GARY A. TAYLOR,

Appellants.


_____

Appeal from the United States District Court
for the Northern District of Texas
_____

January 4, 2002


Before JOLLY, SMITH, and WIENER, Circuit Judges.

B Y   T H E   C O U R T :


IT IS ORDERED that appellants' motion for reconsideration,
treated as a petition for panel rehearing, is GRANTED. Appellants'
motion to vacate the order of July 20, 2001, is GRANTED.

Appellants' motion to reinstate the appeal is GRANTED.

In the order of July 20, 2001, this court ruled that it "has no jurisdiction to entertain an appeal from the denial of a request for compensation under [21 U.S.C.] § 848(q)(8)." That ruling was error in light of an intervening published decision of this court, No. 01-10573, *Clark v. Johnson*, 2002 U.S. App. LEXIS 7 (5th Cir. Jan. 2, 2002). Describing the jurisdictional question as one "of first impression in this Court," the panel in *Clark* held that we have jurisdiction to review such an order. *Id.* at *5-*6.

We therefore must address the question whether the district court erred in holding that state clemency proceedings cannot be compensated under § 848(q)(8). The *Clark* panel answered that question, as well, holding that "the phrase 'proceeding for executive or other clemency as may be available to the defendants' as it appears in § 848(q)(8) does not apply to state clemency proceedings." *Id.* at *10.

Accordingly, the order of the district court denying compensation for state clemency proceedings is AFFIRMED.

2