UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-10575

_____


JUAN SORIA,

                                        Petitioner,

                          versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                        Respondent.
        _____

WILLIAM STANLEY HARRIS; GARY A TAYLOR,

                                        Appellants.


_____

Appeal from the United States District Court for the
              Northern District of Texas
                   4:98-CV-1067)
_____
                   January 28, 2002

Before EMILIO M. GARZA, DEMOSS, and BENAVIDES, Circuit Judges.

BY THE COURT:

     IT IS ORDERED that the appellants' motion for reconsideration,

treated as a petition for panel rehearing, is GRANTED.  Appellants'

motion to vacate the order of July 23, 2001 is GRANTED.  The appellants'

motion to reinstate the appeal is GRANTED.

In the order of dismissal filed July 23, 2001, this Court found that it had "no jurisdiction to entertain an appeal from the denial of a request for compensation under [21 U.S.C.] § 848(q)(8)." The appellants filed a motion for reconsideration, which this Court ordered to remain pending until further notice.

Very recently, this Court issued a published opinion addressing the jurisdictional question at bar. *Clark v. Johnson,* __ F.3d __, 2002 WL 5590 (5th Cir. Jan. 2, 2002) (01-10573). As a question of first impression in this circuit, this Court concluded that we did indeed have appellate jurisdiction to consider an appeal from a district court's order denying compensation under § 848(q)(4)(B). *Id.* at *2. Accordingly, we vacate our prior order of dismissal and reinstate the appeal.

The next question is whether district court correctly concluded that § 848(q)(8) did not authorize compensation for attorneys in state clemency and competency proceedings. In *Clark,* this Court, construing the statute narrowly, concluded that the "phrase 'proceeding for executive or other clemency as may be available to the defendants' as it appears in §848(q)(8) does not apply to state clemency proceedings." *Id.* at *4. We are bound by that decision and thus must affirm the district court's order in the instant case.

AFFIRMED.

2