IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-40411

_____

MIGUEL ANGEL FLORES,

                                        Petitioner,

versus

JANIE COCKRELL, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                        Respondent,

ALLEN RICHARD ELLIS; ELIZABETH COHEN,

                                        Appellants.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(1:98-CV-1582)

_____

February 13, 2002

Before JOLLY, HIGGINBOTHAM, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

     The petitioner, Miguel Angel Flores, has been executed by the
State of Texas.  After the execution, his appointed attorneys
submitted a voucher to the district court for payment, including
within it a request for the attorneys' services and expenses in
pursuing state clemency proceedings.  The district court disallowed

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the request, and Flores's attorneys have appealed that decision to this court.

We have recently concluded that we have jurisdiction over such appeals.[1] However, 21 U.S.C. § 848(q)(8) does not authorize compensation for representation in state clemency proceedings.[2]

AFFIRMED.

---

[1] *Clark v. Johnson*, No. 01-10573, 2002 WL 5590 (5th Cir. Jan. 2, 2002).

[2] *Id.*