**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 12, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-30241
Conference Calendar

_____

WILLIAM MALONE,

                                        Plaintiff-Appellant,

versus

DALE DAUZAT; FRED SCHOONOVER; JUDY MCJINASEY; RICKY
JONES; ROBERT OLIVER; CHRIS HERRON; D. BATES; DEBORAH MILLER;
HENRY HUDSEN; MICHAEL GREY; WYLONE JOHNSON; BRADLEY CAMPBELL;
NOLAN BASS,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:05-CV-992
--------------------

Before KING, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

    William Malone, federal prisoner # 23100-009, appeals from a

judgment dismissing his <u>Bivens</u>[**] excessive force claims and his

constitutionally inadequate medical care claims against only

certain of the named defendants.  Malone argues that the district

court erred in not effecting service of process on the defendants

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[**] <u>Bivens v. Six Unknown Named Agents of Federal Bureau of
Narcotics</u>, 403 U.S. 388 (1971).

who remained in the litigation and against whom he stated an excessive force claim.

This court may hear appeals only from "final decisions" under 28 U.S.C. § 1291, interlocutory decisions under 28 U.S.C. § 1292, nonfinal judgments certified as final under FED. R. CIV. P. 54(b), or some other nonfinal order or judgment to which an exception applies. Clark v. Johnson, 278 F.3d 459, 460 (5th Cir. 2002). Jurisdiction over Malone's appeal does not lie under § 1291 because the district court's judgment did not end the litigation on the merits against all parties. See Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 373-74 (1981). Because the district court's dismissal of Malone's unexhausted claims and excessive force claims against only certain of the defendants is not "effectively unreviewable" on appeal, jurisdiction also does not lie under the collateral order doctrine. See Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949).

Finally, jurisdiction does not lie under § 1292, see § 1292(a), and the district court did not certify the judgment as final under FED. R. CIV. P. 54(b); therefore, jurisdiction also cannot rest on that basis. See Clark, 278 F.3d at 460. We therefore lack jurisdiction to entertain Malone's appeal.

APPEAL DISMISSED.