*183 PRADO, Circuit Judge,
concurring in part and dissenting in part:
I agree that Fifth Circuit precedent forecloses Turner’s argument. See Clark v. Johnson, 278 F.3d 459 (5th Cir.2002). However, the Supreme Court recently granted certiorari to consider this issue. Harbison v. Bell, — U.S.-, 128 S.Ct. 2959, — L.Ed.2d-(2008). Harbison will resolve a circuit split concerning whether the federal appointment statute applies to state clemency proceedings. Given the gravity and finality of the death penalty, I would grant Turner’s motion for stay of execution pending the outcome of that case. The Supreme Court employed a similar tactic when it stayed executions while it resolved a dispute involving lethal injection in Baze v. Rees, — U.S. -, 128 S.Ct. 1520, 170 L.Ed.2d 420 (2008). Accordingly, I agree with the majority’s decision to affirm the ruling of the district court, but I dissent from the majority’s decision to deny Turner’s motion for stay of execution.