IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 4, 2008

Charles R. Fulbruge III
Clerk

No. 08-70033

CHARLES DEAN HOOD

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTES DIVISION

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:99-CV-109

Before SMITH, WIENER, and STEWART, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Charles Dean Hood appeals an order of the district court, entered July 11, 2008, denying his motions for appointment of counsel and stay of execution. Hood raises only the following issue before this court: "Does the federal appointment statute, 18 U.S.C. § 3599, provide prisoners sentenced

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under state law the right to federally appointed and funded counsel to pursue clemency under state law?"

We foreclosed this issue in Clark v. Johnson, holding that the statute does not apply to state clemency proceedings.[1] We acknowledge that the Supreme Court recently granted certiorari in Harbison v. Bell[2] to consider the issue and presumably to address the split among the circuits.[3] A prior panel of this court addressed precisely this issue after the Supreme Court granted certiorari in Harbison, and again held 18 U.S.C. § 3599 inapplicable to such proceedings.[4] Although that decision is unpublished and thus not binding on us, we find it instructive.

Accordingly, we AFFIRM the order of the district court and DENY Hood's separate motion for stay of execution.

---

[1] 278 F.3d 459, 462-63 (5th Cir. 2002).

[2] No. 07-8521, 2008 WL 2484732 (June 23, 2008).

[3] See, e.g., Hain v. Mullin, 434 F.3d 1168, 1172 (10th Cir. 2006) ("Acknowledging a circuit split on the issue, we nonetheless see no other logical way to read the statute.").

[4] See Turner v. Quarterman, No. 08-70025, 2008 WL 2645674 (5th Cir. July 7, 2008) (per curiam), petition for reh'g en banc denied (5th Cir. July 10, 2008) (per curiam), cert. denied and application for stay of execution denied, 2008 WL 2690759 (U.S. July 10, 2008).