**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 22, 2009

Charles R. Fulbruge III
Clerk

No. 07-70045

DAROYCE LAMONT MOSLEY

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:00-CV-86

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Daroyce Mosley's court-appointed counsel represented Mosley in filing a petition for clemency with the Texas Board of Pardons and Paroles. Counsel sought reimbursement in the amount of $6,892.69 for such representation under 18 U.S.C. § 3599(e). Relying on this Court's decision in *Clark v. Johnson*, 278 F.3d 459, 462–63 (5th Cir. 2002), that compensation to court-appointed counsel

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was unavailable for representation in state clemency proceedings, the district court denied reimbursement, and we affirmed.

On petition for writ of certiorari, *Mosley v. Quarterman*, 129 S.Ct. 1905 (2009), the Supreme Court vacated our judgment and remanded for further consideration in light of *Harbison v. Bell*, which held that "§ 3599 authorizes federally appointed counsel to represent their clients in state clemency proceedings and entitles them to compensation for that representation." 129 S.Ct. 1481, 1491 (2009). We therefore VACATE the district court's denial of compensation and REMAND for further consideration in light of *Harbison*.